No. 3278. STATE *v.* ROBINSON, November Term, 1892. Six defendants, arrested and bailed under a charge of gambling with cards, were tried in the absence of themselves and their counsel, and were convicted and sentenced. They appealed.

The trial judge (IZLAR) charged the jury: "There is no crime to play at dice for amusement at a place private in its use, but to allow money to be staked on the game is gambling." This furnishes the ground of the first exception. The judge also charged: "If the testimony satisfies you that these defendants were there betting their money on a game of chance, or playing at dice where money was bet, and you are satisfied of that fact beyond a reasonable doubt, it will be your duty to find a verdict of guilty." This was made the ground of the second exception. The other exceptions alleged error in failures to charge.

*J. C. Miller* and *C. E. Prioleau*, for appellants. *Jervey*, solicitor, contra.

The court say: The first ground of appeal is not well taken. The acts of our General Assembly on this subject, now incorporated in the General Statutes of this State as sections 1715, 1716, do certainly denounce betting on the throwing of dice as an offence. In general terms, the Circuit Judge was here seeking to enable the jury to see what was and what was not gambling. He was seeking, in other words, to impress on their minds that the mere handling and throwing dice, where money was not bet, was not an offence under our laws. So, too, in the second ground of appeal, he refers to playing at dice, when money was bet, in the public place, as indicated in the indictment and proof adduced at the hearing.

But the appellants insist that there was a fatal variance between the indictment, which charged betting on cards, and the proof offered, which alone referred to betting on throwing of dice. Undeniably, if the defendants had raised this question in the Circuit Court, and the Circuit Judge had failed to sustain it, it would have been reversible error by this court. But no such question was passed upon by the Circuit Judge. No such question was raised there. It is raised in this court for the first time, and, not being jurisdictional, if we pass upon it, would not this court be undertaking to do more than the language of the Constitution gives it power to do, when it says, "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a court for the correction of errors of law," etc. ?

It is alleged that this is a variance here. Has that question been submitted to the Circuit Judge? If not, where is there any error committed by the Circuit Judge, which may and should be reviewed by this court? We fail to see it. This question is not a novel one, however. This court has held that a variance, such as here complained of, pointed out in this court for the first time, and not having been raised in the court below, will not be considered here, being too late, and involving a question of fact. *State* v. *Senn*, 32 S. C., 467.

The remaining grounds of appeal all relate to alleged omissions of the Circuit Judge in his charge. No requests were made in the court below for such charges. That being so, these grounds are without vitality. *Massey* v. *Wallace*, 32 S. C., 153.

Judgment affirmed. Opinion by MR. JUSTICE POPE, January 26, 1894.