STATE v. KENDALL.

1. EVIDENCE—HIGHWAY.—The actual physical opening of a highway may be proven by witnesses who know the fact.
2. JURISDICTION — PRACTICE—HIGHWAY — COLLATERAL ATTACK.—A proceeding by county commissioners to lay out a highway may be collaterally attacked for jurisdictional defects.
3. IBID.— IBID.—COLLATERAL ATTACK.—The final judgment of a quasi judicial tribunal cannot be collaterally attacked for mere irregularities.
4. CHARGE—HIGHWAY.—Defendant's request to instruct the jury that they could not convict, unless all the statutory requirements as to laying out a highway had been strictly complied with, was faulty.
5. IBID.—REQUEST.—Party desiring more extended charge than given by Judge, who charges the law applicable to the case, must submit requests.

Before WATTS, J., Hampton, January, 1898. Affirmed.

Indictment against C. G. Kendall for obstructing high-

way. From judgment on verdict of guilty, defendant appeals. Appellant's tenth exception is, "That his Honor erred in not holding that the State should prove that the alleged highway was 'duly established,' it being so charged in the indictment, and that presumption will not sustain a criminal charge."

*Mr. W. S. Tillinghast,* for appellant, cites: Rev. Stat., 1171, 1172, 176-7-8, *require county commissioners to do certain things before opening highway, and the steps must be shown. Error to admit proof of traveling and working highway to show opening except by prescription:* 11 S. C., 360.

*Solicitor Sawyer,* contra, read argument of Solicitor Bellinger, citing: *Opening of highway may be shown de hors the record of the proceedings:* 1 N. & McC., 5; 31 N. E., 551; 16 Ia., 339. *County commissioners have jurisdiction of laying out highways:* 22 N. E., 231. *Appearance waives notice:* 51 S. C., 399; 46 S. C., 9. *Court having jurisdiction of subject matter and person, he cannot collaterally attack its judgment for irregularities:* 12 N. E., 481; 6 S. E., 251; 41 N. E., 330; 46 N. E., 125.

Feb. 8, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was convicted for obstructing a public highway, whereupon he appealed upon exceptions, the first four of which allege that the presiding Judge erred in permitting witnesses to testify, of their own knowledge, that the public highway, described in the indictment, had been laid out and opened to the use of the public by the county commissioners, against the objection of the appellant, that the original proceedings before the county commissioners, relative to the laying out and opening of the highway, having been lost, evidence as to the contents of the proceedings was the next best evidence. Upon cross-examination, the defendant's attorney brought out the evidence to

13—54

which he had made objection upon the direct examination. The defendant testified that he was in possession of a part of the stolen records, and he introduced in evidence the petition for a public highway, and a copy of the finding of the referees. Furthermore, the objection was not made to the testimony on the ground that the State had it in its power to offer better evidence than that introduced. *Hobbs* v. *Beard,* 43 S. C., 370.

But waiving these objections, the exceptions cannot be sustained. The actual physical opening of the highway by the county commissioners to the use of the public was a fact which undoubtedly could be as well established by the testimony of witnesses, who testified of their own knowledge, as by secondary evidence as to the contents of the lost proceedings before the county commissioners, touching the laying out of such highway. . The highway might have been laid out by the consent and acquiescence of the owner of the land, in which case there would have been no necessity for a compliance with the requirements of the statute in such cases. Now whether the requirements of the statute had been complied with, in laying out the highway, was quite a different fact from the actual physical opening of the highway to the use of the public. These exceptions are overruled.

The fifth exception submits that the presiding Judge erred in holding that the defendant could not attack, collaterally, the proceedings of the county commissioners in laying out the highway, for want of jurisdiction. This exception seems to have been taken under a misapprehension, as his Honor ruled that the appellant had the right to attack the said proceedings for *jurisdictional defects,* and allowed him to introduce testimony for the purpose of showing that the county commissioners did not acquire jurisdiction of him in said proceedings.

The sixth and ninth exceptions complain of his Honor's ruling that in this case the defendant could not attack the proceedings of the county commissioners in laying out the

highway on the ground that there were irregularities in the proceedings. The persons who laid out the highway under the provisions of the statute constituted a *quasi* court. *State* v. *Stackhouse,* 14 S. C., 417. The general rule is that the final judgment of a court cannot be collaterally attacked for mere irregularities in the proceedings, and there is no reason why this principle should not apply to a court that is *quasi* judicial. These exceptions are overruled.

The seventh and eighth exceptions allege that the presiding Judge erred in refusing to charge the jury that they could not convict the defendant, unless all the statutory requirements as to laying out a public highway had been strictly complied with. For his Honor to have charged as requested, would have eliminated from the consideration of the jury the question whether there was acquiescence on the part of the defendant to the opening of the highway. It would also have been error for him to have charged as requested, because in that case the jury would have been compelled to acquit, if they had found that said proceedings were in any respect irregular, which, we have hereinbefore stated, would not have rendered the proceedings null and void. These exceptions are overruled.

The tenth exception imputes error to the Circuit Judge in not charging the proposition of law therein stated. His Honor substantially charged the law applicable to the case, and if the appellant desired a more extended charge, it was his duty to embody his propositions in the form of a request to charge. This exception is overruled.

Judgment affirmed.