### 7839

### STATE v. HAVIRD.

1. HIGHWAYS.—There being some evidence tending to show the defendant obstructed a public road, the verdict is permitted to stand.
2. IBID.—Minutes of county commissioners showing a public road was granted, evidence that it had been laid out for eight years and had been worked by the public is sufficient to show it was a public high-way. Mere irregularities in the proceedings before the commissioners would not affect it.
3. IBID.—Whether logs are placed in a highway to protect the land of defendant or to obstruct the highway is for the jury, and if so placed as to obstruct the road by design defendant is guilty under the statute.
4. IBID.—CHARGE.—Illustrations in charge between temporary and permanent obstructions did not affect the real issue here.

Before WATTS, J., Saluda, March, 1910. Affirmed.

Indictment against Pope B. Havird for obstructing highway. Defendant appeals.

*Mr. Barrett Jones,* for appellant, cites: *Section 458 Criminal Code applies to temporary obstructions, and section 453 to permanent:* 61 S. C. 25; 62 N. W. 426.

*Solicitor Geo. B. Timmerman,* contra, cites: *The exceptions raise no questions of law:* 61 S. C. 71; 62 S. C. 377; 63 S. C. 22.

March 27, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Defendant was convicted and sentenced under an indictment charging him with obstructing a public highway in Saluda county in April, 1909.

Appellant's first exception alleges that there was not sufficient evidence to warrant a verdict of guilty in that the State failed to prove beyond a reasonable doubt that the alleged

obstructions were within the public highway. This Court has no jurisdiction to weigh the sufficiency of testimony in a law case, and can only consider whether the verdict is wholly without evidence. We cannot say there was a total failure of evidence to convict in this case.

Under the third exception it is contended that there was no evidence to prove that the road alleged to have been obstructed was a public highway in that there was no evidence of compliance with the requirements of sections 1392-1393, volume I, Code of Laws. The minute book of the proceedings of the county commissioners of Saluda county was introduced in evidence showing that such public road was granted March 5, 1901, and there was evidence that the road had been laid out about eight years before the trial by the authorities as a public road, and had been worked as such. The exception does not specify wherein there was a failure to comply with the statutes in reference to laying out and establishing public highways. The presumption is the public officials charged with supervision of highways did their duty and complied with the requirements of the law. *Commissioners* v. *Murray*, 1 Rich. Law 335. Mere irregularities in the proceedings would not render the laying out of a highway null and void. *State* v. *Kendall*, 54 S. C. 195, 32 S. E. 300.

The contention in the fourth exception is that the State failed to show that the highway was wilfully, in the sense of designedly or knowingly, obstructed. The statute, section 453, Criminal Code, provides: "If any person shall wilfully * * * obstruct any of the public highways or any part thereof * * * the person so offending shall upon conviction thereof be imprisoned, etc." There was some evidence that the obstruction was wilfully placed in the highway. Whether the defendant wilfully placed the obstructions, logs, upon the highway as laid out by the commissioners, or merely placed them upon his own land to

prevent encroachments thereon by those using the highway was the contested issue under the testimony.

The remaining exception alleges error in charging as follows: "Now, Mr. Foreman, if a man comes along in a buggy, or carriage or automobile, and it breaks down in the road and he temporarily obstructs the road until he can get something to fix up his vehicle so it can be moved, or get it out of the road then that is a temporary obstruction and is not a violation of the laws of the land." The specification of error is that he should have charged that an obstruction was not temporary because accidental or necessary and that time and intent were of the essence of a temporary obstruction. We fail to see the merit of this exception. The Court was merely illustrating by this and other examples the difference between a mere temporary obstruction, not the result of design, and more lasting or permanent obstruction, the result of design.

There was testimony that the defendant deliberately placed the logs with the design to prevent passage over the ground covered by the logs.

The defendant admitted that he did place logs there, but claimed that it was not upon the highway, but upon his own land to prevent encroachments on his land. So that the real issue could in no way have been affected by giving distinctions between temporary and permanent obstructions.

The judgment of the Circuit Court is affirmed.