### 16444

STATE v. NAPIER
(62 S. E. (2d) 793)

Mr. John E. Stansfield, of Aiken, for Appellant,

*Mr. Berte D. Carter, Solicitor,* of Bamberg, *for Respondent.*

December 13, 1950.

*Per Curiam.*

The appellant was tried before a judge and jury and convicted of the charge of involuntary manslaughter at the January, 1950, Term of Court of General Sessions for Aiken County, and now appeals to this Court upon exceptions. which present the following questions as stated by appellant in his brief:

"1. Was the charge of the Presiding Judge sufficient as to the right of the traveler on a highway to cross from the right to the left side of the road in order to avoid a collision, and did the Judge err in failing to charge the consequence of the failure of a traveler to stop entering a main highway from a side-road? (Exceptions 1, 2 and 3.)

"2. Did the Court err in failing to charge the Jury that it was a negative defense and that defendant did not have to prove said defense by the preponderance of the testimony, and that defendant assumed no burden of proof in pleading accident? (Exception 5.)"

Of course, the burden rests upon the Trial Judge to charge the law on all material issues, but where the general charge fairly presents the case to the jury, the party who desires an instruction on some particular question should request it, and cannot base error on the omission thereof, and failure to give particular instructions is not error in the absence of requests therefor. *State v. Coleman,* 17 S. C. 473; *State v. Anderson,* 24 S. C. 109; *State v. Robinson,* 40 S. C. 553, 18 S. E. 891; *State v. Kendall,* 54 S. C. 192, 32 S. E. 300; and many subsequent cases.

An examination of the charge reveals that it fairly presented the case to the jury, and appellant was in no wise prejudiced thereby. At the conclusion of his charge, the Presiding Judge inquired if there was "anything further, Gentlemen", to which inquiry appellant made several requests, all of which were granted, but no request was made that the jury be charged further or for any elaboration or clarification on the questions now presented on appeal.

All exceptions should be dismissed and the verdict and judgment of the trial court affirmed, and it is so ordered.

BAKER, C. J., not participating.