### INGRAM v. SUMTER MUSIC HOUSE.

1. EVIDENCE—WRITTEN INSTRUMENTS.—Parol testimony as to contents of a written instrument should not be stricken out when admitted without objection, or when it is conflicting as to its contents or existence.

2. A CHARGE responsive to testimony admitted without objection is not erroneous.

3. WRITTEN INSTRUMENTS—JURY.—When a written instrument is lost and the parol evidence given of its contents is conflicting, the trial Judge would invade the province of the jury in saying what its terms are.

Before TOWNSEND, J., Sumter, June, 1897.   Affirmed.

Action by T. L. Ingram against Southern Music House, M. B. Randle, manager, on note for $27.   Verdict for plaintiff for $5.   Plaintiff appeals. ˙ Circuit Court dismisses appeal, and he again appeals.

*Messrs. Stuckey & Bellinger,* for appellant, cite: *Receipt may be contract:* McM. Ch., 311.   *And magistrate should construe it:* 19 S. E. R., 950.   *Contract in writing—no other evidence admissible:* 17 S. E. R., 979; 1 McC. L., 220; 1 Speer, 319; 18 S. E. R., 267; 1 Strob, 407; 19 S. C., 608. *Charge conveyed idea that plaintiff must make good all representations:* 9 S. E. R., 690; 2 Bail., 269.   *Writing, if unambiguous, binds, regardless of motive:* 19 S. E. R., 950.

*Messrs. Purdy & Reynolds,* contra, cite: *Sound price raises warranty of soundness:* 1 Bay, 324; 1 Mill., 182, 360; 2 Mill., 353; 1 N. & McC., 142.

Feb. 15, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was originally begun in a magistrate's court, upon a note, of which the following is a copy: "$27.00. Sumter, S. C., July 9, 1896. 1st November after date, I promise to pay to the order of T. L. Ingram $27, at the Bank of Sumter, value received. (Signed) Sumter Music House. M. B. Randle, Manager."

The defendant admitted the execution of the note, but pleaded failure of consideration, in that there was a breach both of an express and implied warranty. The jury rendered a verdict in favor of the plaintiff for only $5. The plaintiff appealed to the Circuit Court. After hearing argument upon the exceptions, his Honor, Judge Townsend, dismissed the appeal.

The plaintiff has appealed to this Court upon exceptions, the first of which is as follows: 1. "Because the presiding Judge erred in not holding that the magistrate committed error in overruling plaintiff's motion to strike out the testimony going to establish an oral warranty, when it appeared that there was a written warranty concerning the same subject-matter, stipulating for the condition of the same." This exception can not be sustained, for the following reasons: *First.* All the testimony which the appellant made a motion to strike out was introduced, in the first instance, in so far as the "Case" shows, without objection. *Second.* The testimony was conflicting as to whether there was a written warranty. *Third.* The so-called written warranty was not produced upon the trial (there being testimony that it could not be found), and the testimony was conflicting as to its stipulations.

The second exception is as follows: 2. "Because the presiding Judge erred in not holding that the receipt, testified to by defendant's first witness, was a written warranty con-

cerning the condition of the horse, which could not be added to by parol testimony, and that the magistrate erred in not so holding." For the reasons just stated, this exception must also be overruled.

The third exception is as follows: 3. "Because the presiding Judge erred in not holding that the magistrate erred in charging that: 'If the jury believe that the plaintiff sold the horse to the defendant as suitable to his business, knowing the nature of the business and the kind of work required of the horse, it is for the jury to say whether the defendant got such a horse as was represented.' " Waiving the objection to this exception, that it is not specific, it nevertheless cannot be sustained, as the charge was responsive to testimony, which was introduced without objection, and, furthermore, contained a sound proposition of law.

The fourth exception is as follows: 4. "Because the presiding Judge erred in not holding that it was reversible error, on the part of the magistrate, in charging the jury that: 'It was for the jury to say whether there was a contract intended to set out the whole transaction, or whether it was taken after the trade, to enable Mr. Ingram to get his machine and organ when called for.' Thereby submitting to the jury the construction of the written contract testified to by plaintiff and his witness; and further leading the jury to believe that the motive which prompted the reduction to writing was to determine the question whether or not the same should be considered by them." The written contract, as has been said, was not produced upon the trial; and as the testimony was conflicting as to its terms, the magistrate would necessarily have had to invade the province of the jury to say what its terms meant. Furthermore, we do not see anything in the charge that tended to mislead the jury in reaching its conclusion.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.