STATE v. BYRD.

1. CHARGE.—It is not error for a Judge to ask defendant's counsel when charging jury before trial if there is any special defense.
2. IBID.—Practice of asking defendant's counsel when about to charge jury if he relies on a special plea, not approved, but held legal.
3. IBID.—Not error to state to jury that defendant's attorney admits there is no evidence on a special plea.
4. IBID.—JURIES.—It is the duty of the Judge to warn the jury against erroneous legal positions taken by counsel in argument.
5. CRIMINAL LAW—SELF-DEFENSE.—Provocation is not an element in self-defense.

Before BENET, J., Laurens, February, 1898.    Affirmed.

Indictment against Fortune Byrd for murder.    Defendant convicted of manslaughter, and appeals.

*Mr. N. B. Dial,* for appellant, cites: *Charge on facts:* Con., art. V., sec. 26; 49 S. C., 285, 550; 48 S. C., 257.

*Assistant Attorney General,* contra (oral argument).

June 30, 1898.  The opinion of the Court was delivered by
MR. CHIEF JUSTICE MCIVER.    The defendant was tried before his Honor, Judge Benet, under an indictment charging the offense of murder.    The jury found the defendant guilty of manslaughter, with a recommendation to mercy, and he was sentenced to be confined in the penitentiary for the term of four years.    From this judgment defendant appeals, upon the several grounds set out in the record, which need not be stated in detail here, as the questions which they present will be hereafter stated and considered.

For a proper understanding of these questions it will be necessary to make a brief statement of what occurred at the trial.  It seems that, before any testimony was adduced, the Circuit Judge charged the jury, explaining the law as to the crimes of murder and manslaughter in terms which are not excepted to, and then asked the question: "Is there any spe-

cial defense in this case?" to which Mr. Dial, counsel for prisoner, responded: "Self-defense;" whereupon the Circuit Judge proceeded to explain the law as to that defense. Testimony was then introduced, both on the part of the State and the defense, and at the close of the argument of counsel, the Circuit Judge again charged the jury, repeating, substantially, his instructions, previously given, as to the law of murder and manslaughter, when the following colloquy between the Judge and counsel for the prisoner ensued: "*By the Court:* Mr. Dial, as I understand, you are not asking an acquittal on the plea of self-defense? *Mr. Dial:* No, sir—that is, not as self-defense. There is sufficient provocation; the killing was upon sufficient provocation. *By the Court:* Do you plead self-defense? *Mr. Dial:* There is no other element in the case; I don't care to give up self-defense; I understand the technicalities of the law, but that is for the jury to say. *By the Court:* Provocation does not enter into the plea of self-defense. Provocation is meant in law that treatment by another which arouses anger or passion, and that does not enter at all into self-defense. *Mr. Dial:* It might be argued to the jury that it is a question whether or not this negro was there for an unlawful purpose, and it being in a dark room, with no light, whether or not the defendant thought his life was in danger, whatever the jury might think on that theory. *By the Court:* I ask you, if you are pleading self-defense or not; I do not wish to charge the jury on self-defense unless you are. Is there any evidence as to self-defense? *Mr. Dial:* No, sir. *By the Court:* Therefore, there can be no plea of self-defense." In the course of his charge, the Circuit Judge made the following remarks, which are copied here, as they constitute the basis of one of the exceptions: "I did not think it proper to interrupt the counsel for the defense when he was arguing to you, gentlemen of the jury, what, as a member of the bar, of course, he himself admitted was not the law of this State, although he assured you that if you read between the lines of the law, it might be implied, and that public sentiment

31—52

was of that way of thinking and acting, and that juries have so acted; and that, judging from newspapers, and the Constitutional Convention, and other matters referred to, that ought to be the principle by which a jury should govern itself. I am compelled, as the presiding Judge of this Court, representing the law of South Carolina, to caution you against such a doctrine. If you find a verdict in this case according to the argument of counsel, that public sentiment would not blame you for acquitting this man, or that other juries might have done similarly, or that the Constitutional Convention may have had some opinions similar to those expressed by counsel, you will be finding a verdict against your oath as jurors, because you are called upon by your oath to find a verdict—a true verdict according to the evidence, and under the law as given you by the Court applicable to the evidence. That is your sworn duty." All this was, doubtless, in reference to the fact, that the testimony in the case tended to show that the prisoner, on reaching his home at a late hour of the night, found the deceased in bed with his wife, and shot him as he was attempting to make his escape out of the back door of the house.

The first exception imputes error to the Circuit Judge in asking defendant's counsel what the defense was. This we suppose refers to what occurred in the course of the Judge's preliminary charge to the jury, as stated above. It will be observed that the Judge did not ask the general question as to what the defense was, but after charging as to the law of murder and manslaughter, asked if there was any *special* defense, and being answered, "Self-defense," proceeded to instruct the jury as to what was requisite to sustain that plea in terms which are not excepted to. In this there was clearly no error of law, and the first exception must be overruled.

The second exception imputes error to the Circuit Judge in "forcing" the counsel for defendant to say in open Court, in the presence of the jury, whether there was any evidence of self-defense, thereby taking that question

from the jury. While we are not to be regarded as approving the course pursued by the Circuit Judge in this matter, yet we are unable to perceive any error of law therein; nor are we able to perceive that the counsel was *forced* to reply as he did to the Judge's inquiry. On the contrary, he might, very appropriately, have replied, "That is a question for the jury to determine." Besides, the testimony incorporated in the "Case"—taking even that of the defendant himself—fails to show a single fact tending to support the plea of self-defense. The defendant's own version of what occurred plainly shows that the deceased was shot while attempting to open the back door for the purpose of making his escape from the house; and there is not a single fact or circumstance tending to show that deceased made any hostile demonstration whatever against the defendant, either by word or deed.

The third exception imputes error to the Circuit Judge, in violating the constitutional provision forbidding a charge on the facts, by "charging the jury there was no testimony of self-defense." As matter of fact, the Judge did not so charge the jury. What he did say was that counsel, in open Court, had admitted that there was no evidence of self-defense, which was strictly true, as the jury already knew; and, what is more to the point, there was, in fact, as we have seen, absolutely no evidence to sustain the plea of self-defense. This exception must, therefore, be overruled.

The error imputed in the fourth exception has been disposed of by what we have already said, and the exception is overruled.

The fifth exception imputes error in the comments made by the Circuit Judge upon certain positions taken by counsel for defendant in his argument before the jury, hereinbefore set out fully. So far from there being any such error as that imputed, we think the Circuit Judge would have been derelict in his duty if he had failed to disabuse the minds of the jury of the impressions left

by erroneous legal positions taken by counsel in argument. What may be supposed to be public opinion in whatever form it may be expressed, until it assumes the form of law, can have no place in a court administering justice according to law; and whenever juries are urged or invited to shape their verdicts in accordance with what is supposed to be the popular feeling, it is not only the right but the duty of the presiding Judge to instruct the jury to disregard such influences, and to try the case submitted to them by the only proper standards—the law as laid before them by the Court, and the evidence adduced in the case which they believe to be true. So far as this exception complains that the Circuit Judge did not stop counsel while presenting to the jury considerations which ought not to be permitted to influence their verdict, it seems to us that there is no just ground for complaint. While this might have been done, it was more courteous to counsel, and perhaps less injurious to his client, to refrain from doing so until the argument was concluded. This exception must be overruled.

The only remaining exception—the sixth—complains of error in charging the jury that "no provocation was sufficient to allow one to take life." The Judge did not use exactly that language, but his instruction to the jury was, substantially, that no provocation, however great, could have the effect of entirely excusing one for taking human life—its only effect being to reduce the grade of the offense from murder to manslaughter. The language used by the Judge was: "If a man take the life of his fellow-man under sudden heat and passion upon sufficient legal provocation, no matter how terrible the provocation, a jury is not acting within the law, but is acting in defiance of and against the law, if it acquits that man. It must convict such a man at least of manslaughter and not of murder." In this there was no error of law. "The plea of self-defense rests upon the idea of necessity—a legal necessity—that is, such necessity as, in the eye of the law, will excuse one for so grave an act as the taking of human life." *State* v. *Wyse*,

33 S. C., at p. 594.   And on the next page, it is said that a jury in considering such a plea, should not ask themselves what they would have done if placed in the same position as the accused at the time the homicide was committed, but should ask themselves two questions: "*First.* Did the accused at the time believe that he was in such immediate danger of losing his life or sustaining serious bodily harm, that it was necessary for his own protection to take the life of his assailant?   *Second.* Were those circumstances such as would justify such a belief in the mind of a person of ordinary firmness and reason?"   Citing the authorities.   It is manifest, therefore, that provocation is not an element in the plea of self-defense.   The exception is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.