8798

## WATKINS v. ATLANTIC COAST LINE R. R. CO.

### (81 S. E. 426.)

PRINCIPAL AND AGENT. EXISTENCE OF AGENCY. EVIDENCE. ADMISSI-
BILITY. APPEAL AND ERROR. QUESTIONS REVIEWABLE. RULINGS ON
EVIDENCE. QUESTIONS NOT RAISED IN TRIAL COURT.

1. A statement of a person that he is the agent of another does not, in
   itself, prove agency, but is competent as a circumstance, in connec-
   tion with other evidence, to prove agency.
2. Evidence introduced without objection cannot be stricken out on
   motion.
3. A motion to strike out the testimony of a witness for plaintiff that
   B. had attempted to improperly influence him was properly denied,
   when made during the cross-examination of the witness, who stated
   that he did not know for whom B. was working, but that B. had
   stated that he was working for the defendant, and where the testi-
   mony was received without objection.
4. An exception to the overruling of an objection to a question asked a
   witness must be overruled, where the question was not answered.
5. A point not made in the trial Court, in the motion for nonsuit or
   for a directed verdict, or a requested charge nor pleaded, is not
   available on appeal.

Before RICE, J., Marion, April, 1913.     Affirmed.

Action by Oscar Watkins against Atlantic Coast Line
Railroad Company. From a judgment for plaintiff,
defendant appeals.

*Mr. L. D. Lide,* for appellant, cites: *Declarations of
alleged agent inadmissible:* 39 S. C. 444, 535; 72 S. C. 251;
46 S. C. 81; 57 S. C. 142; 49 S. C. 356. *Judgment of
another State:* 63 S. C. 542. *Punitive damages:* 147 U. S.
101; 37 L. ed. 97.

*Messrs W. F. Stackhouse* and *A. F. Woods,* for respond-
ent, cite: *Testimony received without objection:* 51 S. C.
282; 53 S. C. 360; 67 S. C. 180. *Record of conviction in
criminal Courts of another State irrelevant:* 3 Strob. 546;

93 S. C. 292.    *Punitive damages:* 37 L. ed. (U. S.) 97; 71
S. C. 444; 88 S. C. 421; 89 S. C. 432; 57 L. ed. (U. S.)
1545; 48 L. ed. (U. S.) 268.

April 20, 1914.
The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action for actual and punitive damages for an
alleged unlawful ejection from a train by the defendant of
the plaintiff, a passenger, and was tried at Marion, S. C., at
the April term of Court, 1913, before Judge Rice and a jury.
The jury found a verdict for the plaintiff in the sum of one
thousand dollars.    Before the case was submitted to the
jury, and when all the evidence was in, the defendant moved
the Court to direct a verdict in its favor as to punitive dam-
ages, on the ground that there was no evidence to support
the same.    This was refused.    After verdict a motion for a
new trial was made and refused.    After entry of judgment
defendant appeals.    The first exception is as follows:
"Because his Honor erred, it is respectfully submitted, in
refusing defendant's motion to strike out the testimony of
the plaintiff's witness, Stallings, to the effect that one Boat-
right attempted to bribe or improperly influence him, in that
there was no evidence that Boatright was an agent of the
defendant, or that the defendant subsequently ratified his
acts, and the refusal to strike out such testimony was highly
prejudicial to the defendant; and in refusing to grant
defendant's motion for a new trial, upon the same ground;
and in holding that the refusal to strike out said testimony
was not prejudicial to the defendant, in that the plain infer-
ence from the testimony of the witness, Stallings, was that
the said Boatright attempted to bribe or improperly influence
him, and in holding as an additional reason for refusing to
strike out the said testimony that it was in before objection,
because the fact that the testimony of the witness was based
solely upon the alleged declaration of the said Boatright did

not appear until the cross-examination, when the motion to strike out was promptly made."

The basis of this exception is that the Judge refused to strike out the testimony of the witness, Stallings, that Boatright attempted to improperly influence him. No such conclusion could be drawn from his evidence, as a careful examination of it will show, and the evidence was received without objection, no motion was made to exclude or strike it out until after cross-examination. He was allowed to say that he thought Boatright was the agent of the Atlantic Coast Line Railroad, without objection, and later said, that Boatright told him that he was. A statement of a person that he is the agent of another is not in itself sufficient to prove agency, but it is competent as a circumstance to be taken in connection with other evidence to prove agency. It was for the jury to say, under all the circumstances proven, whether Boatright was a volunteer, acting for himself, or the defendant, or some one else. There was a *scintilla* of evidence that he was the agent of the defendant, in some capacity or other, sufficient for the jury to determine whether he was or not. It was within the power of the defendant to have rebutted the evidence that he was the agent of the defendant, and shown that he was not; but the defendant failed to rebut, deny, or explain, when it introduced evidence, his connection, if any, with the case. Evidence introduced, without objection, becomes pertinent and cannot be stricken out on motion. In this case the evidence was received unobjected to, and not until cross-examination was entered into, was the motion to strike out made, and that was when witness said that he did not know who Boatright was working for, but he told him he was working for the defendant. While this was not sufficient to prove agency, it was a circumstance, and if connected with other evidence could establish the fact of agency it would have been competent. As it was received without objection, we think his Honor was not in error. *Ingram* v. *Sumter Music*

*House,* 51 S. C. 282, 28 S. E. 936.    Objection for the pur-
pose of taking an exception must be made to the testimony
when offered.    *Powers* v. *Oil Co.,* 53 S. C. 360, 31 S. E.
276.    "Objection cannot be made to evidence after its
admission without objection."    *Kiddell* v. *Bristow,* 67 S.
C. 180, 45 S. E. 174.    We do not see how this evidence was
prejudicial in any way to the defendant, and it is overruled.

Exception two is overruled, as the witness never answered
the question excepted to, and his Honor did not rule that the
question was competent; the following took place at the
trial: "Q. Was H. O. Harvell a witness against you in this
whiskey case that has just been tried?    Defendant objects,
on the ground that there has been no evidence that H. O.
Harvell was an agent of the Atlantic Coast Line, and on the
further ground that the plaintiff cannot attack a judgment
of a sister State.    The Court (addressing plaintiff's attor-
neys) : 'Are you trying to attack a judgment of the Courts
of North Carolina?'    Mr. Woods: We are not trying to do
anything of the kind.    We are simply asking him if a wit-
ness in the case was not now an employee of the Atlantic
Coast Line.    The Court: This judgment has not been
offered in evidence as far as I recall.    No judgment has
been introduced as I recall."    It appears that certain
records were then introduced and the motion to strike out
overruled, but the question asked was never answered, and
the exception was clearly based on a misapprehension as to
what occurred.    Even if the question had been answered it
would have been harmless and could not have probably
affected the issues in this case.    This exception is overruled.

The third exception is as follows: "Because his Honor
erred, it is respectfully submitted, in refusing defendant's
motion for nonsuit as to punitive damages, on the ground
that there was no evidence whatever of wilfulness on the
part of the defendant, and in charging the jury that the
plaintiff would be entitled to recover punitive damages, if
the plaintiff was unlawfully ejected from a train, although

there was no evidence of wilfulness or wantonness in the case; and in charging the jury that punitive damages will be awarded for any intentional ejectment of a person from a passenger train, if such ejection is unlawful, when the testimony of the plaintiff was that he was an interstate passenger traveling on an interstate train, and that he was ejected therefrom by the conductor, in that, under the law as declared by the Supreme Court of the United States, which controls in such a case, such ejection by a conductor would not render the defendant liable for punitive damages in the absence of evidence, of which there was none, that such action on the part of the conductor was participated in, authorized or ratified by some officer of the defendant having executive power."

This exception is overruled, as the point, he was an interstate passenger, on an interstate train, with an interstate ticket, was not made before the Court below, either in a motion to grant a nonsuit, or to direct a verdict, or request to charge. Neither was it plead by way of defense in the answer of defendant. There was sufficient evidence to go to the jury as to punitive damages under the law, as decided in *Myers* v. *Railway,* 64 S. C. 514, 42 S. E. 598; *Richardson* v. *Railway,* 71 S. C. 444, 51 S. E. 444; *Tollerson* v. *Railway,* 88 S. C. 7, 70 S. E. 311; *Smith* v. *Railway,* 88 S. C. 421, 70 S. E. 1057, 34 L. R. A. (N. S.) 708; *Corley* v. *Ry.,* 89 S. C. 432, 71 S. E. 1035; *Campbell* v. *Railway,* 94 S. C. 105, 77 S. E. 745. This exception is overruled.

Judgment affirmed.

Mr. Justice Hydrick concurs in the result.

Mr. Justice Gage did not sit in this case.