## 9382

### STATE v. RISH.

(88 S. E. 531.)

1. CRIMINAL LAW—APPEAL—CHANGE OF THEORY ON APPEAL.—Where a declaration of deceased, made after he was shot, was offered in evidence as part of the *res gestae,* accused cannot complain of the exclusion on appeal on the ground that the declaration was a dying declaration; admissibility on that ground not having been suggested to the trial Court.

2. HOMICIDE — EVIDENCE — DYING DECLARATIONS. — A declaration of deceased is not admissible as a dying declaration where it was not shown that he was aware that he had received a mortal wound, or was without hope of recovery, or that the declaration related to the cause or circumstances of the death.

3. HOMICIDE—PROVOCATION—INSTRUCTIONS.—Provocation in a homicide case is not inconsistent with self-defense, though sometimes the line between provocation and self-defense cannot be drawn and it is a question for the jury, so a charge in a homicide case that provocation was inconsistent with self-defense, that it looked towards manslaughter, was not erroneous.

4. CRIMINAL LAW—INSTRUCTIONS—SELF-DEFENSE.—In a homicide case where accused's sole excuse was self-defense, a charge that one admitting he took the life of another has the burden of showing he acted in self-defense, is not erroneous as preventing accused from excusing his act on any other ground; the charge being applicable to the facts.

5. HOMICIDE — TRIAL — INSTRUCTIONS. — In a prosecution for homicide, where the only defense was self-defense, but there was evidence of provocation, a charge that accused, having admitted he killed, had the burden of excusing his act as self-defense, is erroneous as tending to mislead the jury into disregarding provocation which might reduce the offense to manslaughter.

6. HOMICIDE — PROSECUTIONS — INSTRUCTIONS — "WARRANTED" — "JUSTIFIED."—A charge in a prosecution for homicide on the law of self-defense, that a man ordinarily constituted would have been warranted in believing, etc., is not erroneous, though it did not use the usual phraseology, which is "a man of ordinary reason, courage, and discretion," and substituted the word "warranted" in place of "justified," the two being synonymous.

Before SEASE, J., Lexington, September, 1915. Reversed.

George W. Rish was convicted of murder and sentenced to life imprisonment, and he appeals.

The charge was as follows:

Mr. Foreman and Gentlemen of the Jury: You are to be congratulated on the fact that you have at last reached the last stage of this trial. You have given close attention to the testimony and to the arguments of counsel, and I now ask you to pay attention to the brief charge on the law as the Court shall give it to you.

The charge against this defendant as set out in the indictment is murder, and that also includes the charge of manslaughter. Murder is the taking of human life with malice aforethought, either expressed or implied. Manslaughter is the killing of a person in sudden heat and passion upon a

FOOTNOTE.—As to necessity that there should be expectation of immediate death to render dying declarations admissible, see notes in 17 A. & E. Ann. Cas. 287, 56 L. R. A. 353 to 450, 30 L. R. A. (N. S.) 391-399.

sufficient legal provocation. In murder there is malice; there can be no murder without malice and malice is the intentional doing of a wrongful act without just cause or excuse. That is the broad definition of malice. It means, in matters of homicide, ill will, old grudges, as are sometimes evidenced by ill will, hatred, and determination, and intentionally doing a wrongful act; it may be proven by anything from which a jury could draw the inference that the man did the act wilfully and intentionally without just cause or excuse.

I charge you that you must give the defendant the benefit of any reasonable doubt that may arise in the consideration of the case. You are not to give him the benefit of every doubt. You will note that I instructed you that you must give him the benefit of every reasonable doubt.

You are to give him the benefit of every reasonable doubt that may arise on the whole case, for instance, if you have a reasonable doubt as to whether his plea of self-defense has been made out by the preponderance of the evidence, you would give him the benefit of that reasonable doubt and come to the conclusion that he had made out his plea of self-defense and write a verdict of not guilty. If you have a reasonable doubt as to whether it is murder or manslaughter—or murder, or murder with recommendation to mercy, you would give him the benefit of that reasonable doubt and find him guilty of the lesser offense, carrying with it a lesser punishment.

The presumption is that the defendant is innocent, and that presumption stays with him throughout the entire case, until the State has satisfied you beyond a reasonable doubt of his guilt. A reasonable doubt means that the words imply a doubt for which you can give a reason. It is not a fanciful doubt, but a reasonable doubt arising out of the testimony. I should instruct you that you are the sole judges of the credibility of the witnesses, the force and effect that is to be given to their testimony. That is your busi-

ness. It is not the business of the Court. You are bound to take the law as the Court gives it to you; you cannot make any law of your own under your oath; you are bound to try this case under the law and the evidence.

Manslaughter is the killing of a person in sudden heat and passion upon sufficient legal provocation. That is the complete definition of manslaughter so far as this case is concerned. It is sometimes called the unlawful killing of a person without malice either expressed or implied.

Now, going back briefly to the subject of murder. The malice necessary to make a homicide murder does not have to exist in the breast of a person accused for any appreciable length of time, just so it is there at the time of the fatal blow.

As an example of murder and manslaughter, Mr. Foreman, if a man does you an injury, physical injury, commits an assault and battery upon you, or some physical aggression upon you, or spits upon your person, and by reason of that sudden heat and passion thus aroused you shoot then and there and kill him, you would not be acting in self-defense, it would be manslaughter; but if you waited until after cooling time, and you think about it, and you go back and meet and kill the man for thus insulting you or thus assaulting you, it would be murder. There are the two principal definitions of murder and manslaughter. There are hundreds of examples I could give you. I cannot charge you what is sufficient legal provocation, but I can charge you what is not. Words are not sufficient to reduce a homicide from murder to manslaughter. Provocation, you must understand, is inconsistent with self-defense; provocation looks towards manslaughter; that provocation must be sufficient to reduce the killing from murder to manslaughter. The provocation necessary to reduce the grade of homicide carries with it the idea of some physical aggression of one party to another. It is sometimes called the charities of the law, that is manslaughter. The law realizes that on account of the nature

of man that when he is suddenly aroused and takes the life of another man in sudden heat and passion, that he is not entirely within his rights, the law says it is not murder, but it is manslaughter, and, therefore, the punishment is largely in the discretion of the Court by imprisonment of not less than 2 years nor more than 30 years.

(I charge you that where a man admits the taking of human life the law places upon him the burden of showing that it was done in self-defense. The law says that the burden is on the man who admits taking human life to satisfy a jury of his country that he did it in self-defense.) The law says that he must not only satisfy a jury, but he must satisfy a jury by the greater weight of the evidence, by the preponderance of the evidence—not necessarily by the greater number of witnesses—but by the greater weight of the evidence. By that weight he must satisfy the jury that he did act in self-defense. Now, the law says the State must prove the case beyond a reasonable doubt. The law says that the defendant, where he admits the killing, must satisfy the jury by the preponderance of the evidence, and not beyond a reasonable doubt, that he acted in self-defense; but as I instructed you, if you have a reasonable doubt as to whether or not he has made it appear by the preponderance of the evidence that he did act in self-defense, if you have a reasonable doubt on that proposition, you would give him the benefit of that doubt and say that he has proven his case by the preponderance of the evidence—his plea of self-defense by the preponderance of the evidence—and you will write a verdict of not guilty on the ground of self-defense.

What is self-defense? That is, what is the law of self-defense? What does the law require of a man who sets up the plea of self-defense? He must satisfy the jury by the preponderance of the evidence that he was without fault in bringing on the difficulty; and if you find that the defendant in this case has satisfied you that he was without fault in bringing on the difficulty, he must go further and show, not

merely that the other man was at fault, but that it was neces-
sary to take the life of his assailant, to take the life of the
other man to save himself from serious bodily harm or from
losing his own life. He must show to the satisfaction of
the jury by the preponderance of the evidence that any man
ordinarily constituted would have been warranted in believ-
ing or coming to the conclusion that the danger was such
that he was warranted in coming to the conclusion that his
life was in danger or that he was in danger of receiving seri-
ous bodily harm or of losing his own life at the hands of the
deceased at the time of the homicide. He must also show
by the preponderance of the evidence that there was no other
probable means of escape but to strike to death, because the
law will not allow a man to take the life of his fellow man if
he can avoid it with reasonable safety to himself. He must
get out of the way if he is assailed by his fellow man and
save himself if he can reasonably do so. A man must avoid
the taking of human life, if he can do so and save himself
reasonably, under the law of the land, that is, if he could
reasonably do so. It is not if he could do so, because after
a man has calmed off he might see where there was other
probable means of escape; but when he is assaulted he might
not have time to look for all the avenues of escape. There-
fore the law says a man must avoid taking human life when
he can do so, with reasonable safety to himself.

The law seeks to be reasonable and I charge you on the
subject of self-defense that a man has a right to act from
appearances, and if the appearances were such, although
there might not have been any actual danger, that a man of
ordinary firmness and courage would have been warranted in
coming to the conclusion that danger did actually exist then
and there and the necessity was then and there upon him to
take his life to save himself from serious bodily harm or
from losing his life.

If that were not the law, the law of self-defense would be
limited and small, because, to take an extreme example: If

a man were to snap a loaded pistol at you in an angry mode or place such a pistol in a shooting attitude, a man would be warranted in coming to the conclusion reasonably that there was danger, and you would have the right to kill the man, or do whatever is necessary to save yourself from being killed, even though it afterwards turn out that the pistol was unloaded and that you were not in any actual danger. The defendant must show you that he actually believed at the time of the killing that he was in danger of receiving serious bodily injury or losing his own life.

Now, gentlemen, I think that is all the law of self-defense. I have charged you the law of murder, manslaughter, and self-defense.

I charge you this—I overlooked it—that where a person takes the life of a human being with a deadly weapon, such as a shotgun or a pistol, and nothing else appears, the presumption is that it was done with malice and that the killing is murder; but when all the facts and circumstances come out surrounding a situation that presumption fails and the State is called upon to prove malice, the same as it is called upon to prove every other material allegation of the indictment before you can write a verdict of guilty of murder.

Where one is found guilty of murder, and nothing else is said, the punishment is death by electrocution; where one is found guilty of murder and the jury recommends him to the mercy of the Court, the punishment is hard labor, or life imprisonment at hard labor; and where one is found guilty of murder it is entirely in the discretion of the jury whether or not the extreme penalty of the law shall be inflicted, or by the recommending lesser punishment which is imprisonment for life.

Where one is found guilty of manslaughter the punishment is not less than 2 nor more than 30 years in the discretion of the Court.

I notice in this indictment that the defendant is charged with carrying concealed weapons. It is against the law for

a man to carry a concealed weapon upon his person, whether in the daytime or in the nighttime; so if you find that the defendant has been proven to be guilty beyond a reasonable doubt of carrying a concealed weapon as charged in the second count, say guilty on the second count. On the first count, which charges murder or manslaughter, the form of your verdict will be guilty, which would mean guilty of murder; or guilty with recommendation to the mercy of the Court, which means guilty of murder with recommendation; or guilty of manslaughter; or not guilty. That verdict would operate as to the first count in the indictment. As to the second count your verdict will be guilty or not guilty on the second count. Whatever your verdict is, write it and sign your name with the word "Foreman" under it.

*Messrs. W. H. Sharpe* and *E. L. Asbill,* for appellant, cite: *As to dying declarations:* 9 S. C. 212; 15 Rich. 349; 26 S. C. 154; 25 S. C. 168; 79 S. C. 66. *Charge on self-defense:* 79 S. C. 390; 80 S. C. 337; 13 S. C. 464; 76 S. C. 124; 71 S. C. 146; 59 S. C. 297. *Retreat:* 29 S. C. 34 and 201; 42 S. C. 205; 43 S. C. 128.

*Mr. Solicitor Timmerman,* for respondent, cites: *As to duty to retreat:* 72 S. C. 194.

April 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant was convicted of murder with recommendation to mercy, and sentenced to life imprisonment. The evidence warranted the finding of either of the several verdicts suggested by the Court in the charge, which will be reported.

There was no error in excluding the alleged declaration of deceased, made after he was shot. The record shows that the trial Judge was under the impression that it was offered

17—104

as a part of the *res gestae,* and that his ruling was based upon that supposition. Appellant admits that it was not admissible on that ground, but contends ·that it should have been admitted as a dying declaration. It was not suggested to the trial Court that it should be admitted on that ground, and appellant will not be allowed to ·shift his position in that way. Points not raised on Circuit cannot be relied upon here. Besides, no foundation was laid for the admission of the alleged statement as a dying declaration. It was not made to appear that deceased was aware of the fact that he was mortally wounded, or that he was without hope of·recovery, or that the declaration related to the cause or circumstances of the death. *State* v. *McCoomer,* 79 S. C. 63, 60 S. E. 237.

The Court erred in charging:

"Provocation, you must understand, is inconsistent with self-defense; provocation looks towards manslaughter; that provocation must be sufficient to reduce the killing from murder to manslaughter."

It is true that, in homicide cases, provocation, as such, ordinarily looks to manslaughter; that is, its effect is merely to reduce the killing from murder to manslaughter, for that which in law is only provocation cannot justify or excuse a homicide. Therefore mere provocation is not an element of self-defense; and where nothing more than that which in law is mere provocation is shown, the Court is not bound to charge the law of self-defense. *State* v. *Byrd,* 52 S. C. 480, 30 S. E. 482. It is not true, however, that provocation is inconsistent with self-defense. They may coexist. Indeed, in some cases, the conduct of deceased is so near the border line that it is difficult to determine whether it amounted only to provocation or gave rise to the right of self-defense. In such cases, it is the province of the jury to say whether the killing was done under the provocation or in the exercise of the right of self-defense. In *State* v. *Way,* 38 S. C. 333, 17 S. E. 39, the Court approved the following instruction:

"No provocation will excuse one of the crime of murder, where the weapon used indicates an intention to take life, unless such provocation is accompanied with unlawful violence or an apparent intention to do great bodily harm."

The Court impliedly recognized the possible coexistence of provocation with the right of self-defense.

The next assignment of error is in charging that:

"Where a man admits the taking of human life, the law places upon him the burden of showing that it was done in self-defense."

Appellant contends that this instruction excluded all other possible grounds of excuse or justification. The answer is that no other excuse or justification was set up by defendant or suggested by the evidence. Defendant admitted the killing and claimed that it was done in self-defense. A trial Judge should confine his instructions to the law applicable to the case as made by the pleadings and evidence, and should, as a general rule, refrain from general observations that are irrelevant, because they tend to distract the minds of the jury from the real issues. There was no error, therefore, in the failure of the Court to refer to the various instances in which homicide may be excused or justified otherwise than in self-defense.

The instruction was erroneous, however, in that it excluded defendant's right to have the jury consider and decide whether he had proved sufficient legal provocation, as that had been defined by the Court, to reduce the killing from murder to manslaughter. As we have shown, defendant had the right to rely upon his plea of self-defense, and, failing to establish that defense, he had the right to rely upon provocation to reduce the killing from murder to manslaughter. The error in the charge that provocation and self-defense are inconsistent might possibly have been considered harmless, in view of the fact that the verdict negatived the idea of the existence of provocation; but, when considered in connection with the instruction here

complained of, the jury may have been misled, and may have understood the Court to mean that, having admitted the killing, defendant was guilty of murder, if he failed to prove that he killed deceased in self-defense.

Appellant next complains of a departure in the charge from the most usual phraseology of the decisions and text-writers in declaring the law of self-defense, as, for instance, that "a man ordinarily constituted would have been warranted in believing," etc. There was nothing in this that misled the jury. They must have under-stood from the connection in which the expression "a man ordinarily constituted" was used that the Court meant the man of ordinary reason, courage, and discretion. And there is nothing in the objection that the word "warranted" was used. While the word "justified" is most commonly used in that connection by Judges and text-writers, yet we find "warranted" frequently used by them in the same sense, and the lexicographers define them as practically synonymous.

There was no error in charging the law of retreat. Defendant was not on his own premises; and, under the circumstances, it was his duty to avoid the taking of life, if he could have done so with reasonable safety to himself.

Judgment reversed.