9576

STATE v. STEVENS.

(91 S. E. 302.)

1. CRIMINAL LAW—INSTRUCTIONS—CURE OF ERROR BY OTHER INSTRUCTIONS.—In a prosecution for murder, error in the charge that, to have a right to kill in self-defense, defendant must find himself in a condition of circumstances without such fault on his part as induces him to believe he is in imminent danger of being killed or suffering serious bodily harm if he does not take the life of his assailant and there is no other reasonable means of escape except taking his life, was cured by the following statement that the danger must be real or apparent, and by adding, in response to a request to charge, that a man of ordinary reason and firmness ought to have found such belief, and if defendant desired a clearer statement, he should have requested it.

2. CRIMINAL LAW—TRIAL—CHARGE ON EVIDENCE.—In a prosecution for murder, a charge, stating the law in case the defendant had renewed the initial difficulty, was not erroneous as intimating that defendant did renew the difficulty.

3. HOMICIDE—INSTRUCTIONS—CHARGING LAW APPLICABLE TO CASE.—In a prosecution for homicide, where there was evidence tending to show

that defendant renewed the initial difficulty, it was necessary for the trial Judge to charge the law applicable to the case.

4. HOMICIDE — TRIAL — INSTRUCTIONS. — In a prosecution for homicide, where the only defense was self-defense, but there was evidence of provocation, a charge that accused, having admitted the killing, had the burden to excuse his acts as self-defense was not erroneous, as tending to mislead the jury into disregarding provocation which might reduce the offense to manslaughter; the Court charging as to manslaughter, and telling the jury they could find defendant guilty of manslaughter.

5. CRIMINAL LAW — FIXING PENALTY — RECOMMENDATION TO MERCY.— The statute fixes the penalty for murder, but, in a prosecution for homicide, if the jury finds a verdict of guilty of murder, they have the right to add, if they see proper, a recommendation to mercy, which will reduce the punishment to imprisonment in the State penitentiary for life.

Before MOORE, J., Greenwood, Spring term, 1915.   Affirmed.

Will Stevens, convicted of murder, appeals.

*Mr. D. H. Magill* cites: *As to self-defense:* 103 S. C. 316.   *Charge on self-defense:* 104 S. C. 260.

*Mr. Solicitor Cooper,* for respondent.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was convicted of murder, and appeals.

There are seven exceptions, but only three questions argued.

1. "It was error to charge the jury as follows: 'In order to have a right to kill in self-defense the defendant must find himself in a condition of circumstances without such fault on his part as induces him to believe he is in imminent danger of being killed or suffering serious bodily harm if he does not take the life of his assailant

and there is no other reasonable means of escape except taking his life.' "

In the next sentence the error was cured by the statement "the danger must be so real or apparent." In response to defendant's third request to charge, his Honor added "that a man of ordinary reason and firmness ought to have found such belief." If the defendant desired a clearer statement, he should have requested it. This position cannot be sustained.

2. "The fourth exception should be sustained because it shows that the charge excepted to tells the jury that the defendant had renewed the difficulty, and, therefore, could not plead self-defense, thus commenting on the facts.

2, 3    The jury may have been misled and may have understood the Court to mean that, having admitted the killing, defendant was guilty of murder if he failed to prove that he killed deceased in self-defense. *State* v. *Rish,* 104 S. C. 250, 88 S. E. 531."

The charge did not intimate that the defendant did renew the difficulty, but merely stated the law in a case in which the defendant did renew the difficulty. There was evidence tending to show that the defendant renewed the difficulty, and, under the case of *State* v. *Rish,* 104 S. C. 250, 88 S. E. 531, it was necessary for the trial Judge to charge the law applicable to that sort of a case. This position cannot be sustained.

3. "In a prosecution for homicide, where the only defense was self-defense, but there was evidence of provocation, a charge that accused, having admitted the killing, had

4    the burden of excusing his act of self-defense is erroneous as tending to mislead the jury into disregarding provocation which might reduce the offense to manslaughter. *State* v. *Rish,* 104 S. C. 250, 88 S. E. 531."

We fail to see any portion of the charge that confined the defense to self-defense. His Honor charged the law as to manslaughter, and told the jury they could find the defend-

ant guilty of manslaughter. This position cannot be sustained.

4. The sixth exception reads: "Because the jury was not instructed about its full power to fix the penalty by their verdict." In this State the statute fixes the penalty. The jury does not. His Honor complied with the law when he charged: "If you find a verdict of guilty of murder upon the first count of this indictment, you have the right to add, if you see proper, a recommendation to mercy, which will have the effect of reducing the punishment to imprisonment in the State penitentiary for life."

The judgment is affirmed, and the case is remanded to the Circuit Court for the purpose of having a new day assigned for the execution.