12031

STATE v. HOLLEY

(134 S. E., 213)

1. CRIMINAL LAW.—Where search of defendant's house in nighttime was not made until after whisky was found in kitchen which officers entered on invitation, admission of evidence concerning the search *held* not error.

2. CRIMINAL LAW.—Admission of testimony as to conversation with woman in charge of defendant's home during his absence, *held* not prejudicial, where only reference to defendant was inquiry as to whereabouts.

3. CRIMINAL LAW.—Exceptions to admission of evidence cannot be sustained, where another witness testified to substantially same facts without objection.

4. INTOXICATING LIQUORS.—Refusal to permit cross-examination to show defendant was not owner of premises on which liquor was found, *held* proper, where testimony showed house was defendant's home.

5. INTOXICATING LIQUORS.—Even trespasser on real estate may be guilty of storing whisky thereon.

6. CRIMINAL LAW.—Statement of counsel during examination of witness that "we object," without stating grounds of objection, *held* too general to support exception.

7. CRIMINAL LAW.—Where defendant's attorney on objecting to admission of testimony was interrupted by Court, he must show, in order to predicate error, that ruling was subsequently sought or made.

8. CRIMINAL LAW.—Where prosecuting attorney withdrew question objected to on cross-examination while Court was considering objection, no error can be imputed thereto.

9. CRIMINAL LAW.—Charge as to circumstantial evidence being sufficient on which to base verdict *held* substantially correct, in absence of request for fuller statement.

Before DENNIS, J., Aiken, October, 1925. Affirmed.

Steve Holley was convicted of receiving and having in possession alcoholic liquors, and he appeals.

*Mr. William M. Smoak,* for appellant cites: *Searching of dwelling house in nighttime prohibited:* Crim. Code, 1922, Sec. 853. *Admissibility of evidence of other crimes: State v. Pittman,* opinion filed January 25, 1926. *Evidence of guilt of defendant's relative of similar crime inadmissible:* 132 S. C., 362.

*Mr. B. D. Carter, Solicitor,* for respondent cites: *Motion for directed verdict or to set aside verdict prerequisite to appeal on ground of insufficiency of evidence:* 131 S. C., 47. *Evidence obtained by search in nighttime admissible:*

129 S. C., 478; 129 S. C., 288; 125 S. C., 22; 124 S. C., 514; 121 S. C., 233. *No search warrant necessary where contraband was visible:* 124 S. C., 518; 111 S. C., 174. *Limit of cross-examination discretionary with Court:* 88 S. C., 105. *Objections made without statement of grounds therefor not considered on appeal:* 124 S. C., 355; 103 S. C., 476. *Continuity esstential to "storing:"* 120 S. C., 403. *Admissibility of evidence of other crimes:* 131 S. C., 46; 126 S. C., 468; 125 S. C., 406; 124 S. C., 224.

July 15, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The following statement of the case appears in the record:

"This case was tried in the Court of General Sessions for Aiken County, S. C., on the 20th day of October, 1925, before his Honor, Judge E. C. Dennis, and a jury. The grand jury of said county having previously indicted Steve Holley and Carrie Minor for violating the Prohibition Law, (1) in that they stored whisky, and (2) that they did unlawfully receive, accept, and have in their possession alcoholic liquor. The Presiding Judge directed a verdict for the defendants upon the first charge, and the jury acquitted the defendant Carrie Minor upon the second charge and returned a verdict of guilty against Steve Holley. Thereupon the Presiding Judge sentenced Steve Holley to serve for a period of one year upon the public works of Aiken County, or for a like period in the State Penitentiary."

The defendant, Steve Holley, appeals and imputes error to the Circuit Court by a number of exceptions.

The first exception is as follows:

"(1) That the Presiding Judge erred in permitting Hart, a witness for the state, to testify, over objection, that 'we went there (Steve Holley's) to make a search of his premises in the nighttime,' and in allowing said witness to detail the

facts of his search of the defendant's dwelling house, including the bedroom of the occupants thereof, in the nighttime; whereas, he should have excluded the same."

This exception cannot be sustained. The testimony complained of tends to show that the officers went in the nighttime to the house where the defendant, Steve Holley, was supposed to live; that they found at the house the defendant, Carrie Minor, a negro woman, with whom they had conversation while they were still in the yard; that in the course of this conversation they asked her about getting some whisky, and she replied that she might have a little, and invited them to come on in; that in response to the invitation they went into the house where they found a lot of whisky in the kitchen. The evidence also tends to show that the officers had a federal search warrant, but that they did not enter the house under the search warrant but under the invitation of Carrie, and that after they found the whisky in the kitchen, they then exhibited the search warrant and searched other parts of the house but found no other liquor. The liquor in this case having been found by the officers when they had entered the kitchen upon the invitation of Carrie, it cannot be successfully contended that a search warrant either was used or was necessary in the discovery and seizure of this particular whisky. As was said in *State v. Quinn,* 111 S. C., 174; 97 S. E., 62; 3 A. L. R., 1500, it was "fully disclosed and open to the eye and hand" of the officers.

We shall consider the second and ninth exceptions together. They are as follows:

"2. Because the Presiding Judge erred in permitting Hart, a witness for the State, to testify over objection that 'We asked for Steve, and she said he was not there, and we said, "We want some whisky," and she said, "How much do you want"— Mr. Smoak: We object unless Steve Holley

was there; that is, we object to anything said that was not in his presence. The Court: I cannot anticipate what the witness will say. I will instruct the jury that if he was not there that it would not bind him. Witness: Finding Steve was not there we asked her for whisky, and she said "How much do want"— Mr Smoak: If Steve was not there, now, it is not competent as to him and would not bind him. The Court: I told you I would instruct the jury. Mr. Carter (continuing) : Go on. A. She said she may have a little and to come on in, and we went in the house, and it is a little four-room house on the Silver Bluff road, and in the kitchen part was found ten half-gallon jars of whisky.' Whereas, the Court should have sustained the defendant's objections to the said testimony, as it was clearly hearsay and highly prejudicial to the defendant, Steve Holley."

"(9) Because the Presiding Judge erred, in that he omitted, failed, and neglected to charge the jury to disregard all testimony given by the witness upon the trial of this cause, as to what was said or done in Steve Holley's absence, because the same was hearsay, incompetent, and very prejudicial."

The testimony objected to was in no way prejudicial to the rights of the defendant, Steve Holley. It merely tended to show that inquiry was made by the officers as to where Steve was, and that they were told that he was not there. No other reference was made to Steve. This testimony does not tend in any way to connect Steve with the presence of the whisky in the house, and we cannot see how its admission could be prejudicial to him. In addition thereto, another witness for the State, Robinson, testified, without objection, to substantially the same facts, and for this reason, if for no other, these exceptions could not be sustained. *McCown v. Muldrow,* 91 S. C., 523; 74 S. E., 391; Ann. Cas., 1914-A, 139.

We shall consider exceptions 3, 4, and 5 together, as they refer to the same matter. They are as follows:

"(3) That his Honor erred, in excluding testimony, upon the cross-examination of the State's witness Nollie Robinson, to wit: 'Q. You testified in the case? A. I may— The Court: What has that got to do with the case, Mr. Smoak? Mr. Smoak: I want to show that Steve Holley, the defendant, did not own the place, did not have in charge, or anything. The Court: Go on. I don't think this has anything to do with it.' The error being that the question of actual or constructive possession, or dominion, upon the premises was competent upon cross-examination; whereas his Honor ruled that he did not think that had anything to do with it; and, further, it deprived the defendant of the right of cross-examination.

"(4) Because it is respectfully submitted that the Court erred, in excluding testimony, upon cross-examination of the state's witness Nollie Robinson, to wit: 'If I can explain what I know, I will tell you. The Court: We are not trying that case.' Whereas the said witness knew Steve Holley had no dominion whatever over the premises, that this witness had so testified in another trial, which was competent upon cross-examination herein, and that the Court's ruling was prejudicial, because it deprived him of the full right of cross-examination.

"(5) Because the Presiding Judge erred, in that his rulings deprived the defendant of the full benefit of the privilege of cross-examination of the prosecuting witness Nollie Robinson, which was prejudicial to the defendant, Steve Holley."

Testimony was brought out by defendant's counsel on cross-examination of Nollie Robinson, the same witness, and on direct examination of the defendant himself, which tended to show that the house where the

whisky was found was the home of Steve Holley. Under the circumstances, the question whether or not Steve owned or controlled the house was immaterial. Moreover, even a trespasser on real estate may be guilty of storing whiskey thereon. These exceptions are without merit and cannot be sustained.

We shall consider together exceptions 6 and 7, which are as follows:

"(6) Because his Honor erred, in that he permitted the Solicitor, over objection of the defendant, Steve Holley, to question the codefendant upon cross-examination, to wit: 'Q. Was that the first time they had ever brought any whisky there in a buggy? Mr. Smoak: We object. The Court: The objection is overruled to that question.' Whereas the Court should have sustained the objection, as the said evidence was seeking to deal with other offenses, and other parties, without connecting the defendant, Holley, and was prejudicial to his rights upon this trial for a separate and distinct offense.

"(7) Because his Honor erred, in that he permitted the Solicitor, over objection of the defendant, Steve Holley, to question the codefendant upon cross-examination, to wit: 'Q. Have they brought any there before in that buggy, or another one? A. I don't know. He had it in a bag. Q. Were you there the day they brought that 60 quarts up there? Mr. Smoak: We object upon the grounds— The Court: Who do you mean by they? Mr. Carter: I want to find out who brought the other there. A. Who brought the other there? A. I was there working, and he came by that morning, and another man was there, too, and Mr. Morgan Holley brought it and put it in the barn.' Whereas the Court should have sustained the defendant's objection, for the reason that Steve Holley was not connected with the transaction, and that it related to other offenders

and offenses, and was very prejudicial to the defendant's rights upon this trial."

The testimony complained of by the appellant as being objectionable and prejudicial to him is as follows:

"Q. Was that the first time they had ever brought any whisky there in a buggy?

"Mr. Smoak: We object.

"The Court: The objection is overruled to that question.

"Q. Have they brought any there before in that buggy or another one? A. I don't know. He had it in a bag.

"Q. Were you there the day they brought that 60 quarts up there?

"Mr. Smoak: We object on the ground—

"The Court: Who do you mean by they?

"Mr. Carter: I want to find out who brought the other there.

"Q. Who brought the other there? A. I was there working, and he came by that morning, and another man was there, too, and Mr. Morgan Holley brought it and put it in the barn. They tried me in Federal Court, but did not try Mr. Holley. They turned me loose.

"Q. You didn't tell them at that time that old man Morgan Holley brought that whisky there? A. Yes, sir; I did.

"Q. Didn't you tell them you didn't know who brought it there? A. No, sir; I said Mr. Morgan brought it there.

"Q. Didn't you tell them who brought it there, or that you didn't know who brought it there? A. No, sir; I told them Mr. Morgan Holley brought it there.

"Q. You told them you didn't know who brought that whisky there, and didn't know it was there until the officers found you—do you deny that you said that or words to that effect? A. I don't remember that."

When the question was asked, "Was that the first time they had ever brought any whisky there in a buggy?" Mr. Smoak, counsel for the defendant, sim-

ply said, "We object," without stating any grounds of objection. The Court overruled the objection; but the objection itself was too general in its terms for the Court's ruling to constitute the basis of an exception. *State v. Rucker,* 86 S. C., 66; 68 S. E., 133. *State v. Bigham,* 199 S. C., 368; 112 S. E., 332.

Further on counsel did say, "we object on the grounds—" but apparently was interrupted by the Court, who inquired of the Solicitor as to whom he referred to as "they." Counsel for the appellant earnestly contended in his oral argument that he did all that he could do, but was prevented by the Court's interruption from stating his grounds of objection. However, from the record before us, we cannot conclude that the Court intentionally deprived Mr. Smoak of the opportunity to state the grounds of his objection, but believe that his interruption of counsel, if any, was entirely inadvertent. We feel sure that upon request of counsel ample opportunity for stating the grounds of his objections would have been given, but it does not appear that he sought such opportunity. Even if it be conceded, however, that the interruption of the Court prevented the appellant from stating such grounds, an examination of the record does not disclose that appellant, after such interruption, sought from the Court any ruling on his objection or that any ruling was made thereon. See *Gowns v. Watts Mills* (S. C.), 133 S. E., 550, opinion filed June 7, 1926, and cases cited therein. These exceptions must be overruled.

The eighth exception is as follows:

"(8) Because the Court erred, in that he permitted the Solicitor, over objection, to cross-examine the defendant, Steve Holley, in regard to other offenses, to wit: 'Q. They have found you with some whisky before? A. No, sir. Q. You have not been up before for whisky? Mr. Smoak: I object because it has no bearing on this case at all. Mr.

Carter: I want to know if he has not been up before. The Court: My understanding is that where they are charged with having it for unlawful purposes that they can question as to former offenses in reference to violation of the Prohibition Law—but only for the purpose of showing'—whereas said testimony was incompetent, irrelevant, and immaterial upon this trial for this offense and very prejudicial to the defendant."

During his cross-examination of the defendant, Steve Holley, the Solicitor questioned him as follows, which is made the basis by the appellant of his eighth exception:

"My father died the 11th day of May, 1924.

"Q. Pretty soon after this occurred? A. He was indicted also.

"Q. He was not indicted in this case? A. Yes, sir; he was.

"Q. The indictment will show for itself? A. I guess so.

"Q. They have found you with some before?

"A. No, sir.

"Q. You have not been up before for whisky?

"Mr. Smoak: I object because it has no bearing on this case at all.

"Mr. Carter: I want to know if he has not been up before.

"The Court: My understanding is that where they are charged with having it for unlawful purposes that they can question as to former offenses in reference to violation of the Prohibition Law&but only for the purposes of showing—

"Mr. Carter: I won't ask it."

It will be observed that when the Solicitor asked the defendant whether he had "been up before for whisky," the defendant's counsel interposed an objection. While the Court was considering the objection, the Solicitor withdrew the question and it was never answered by the witness. Under these circumstances no error can

be imputed. *Watkins v. Railway Co.,* 97 S. C., 148; 81 S. E., 426.

By his tenth exception the appellant complains of error as follows:

"(10) That the Presiding Judge erred, after being duly requested, to charge the law as to circumstantial evidence in defining the law as follows, to wit: 'In the Courts of this State, circumstantial evidence is accepted as sufficient on which to base a verdict. The rule is, if circumstantial evidence alone is relied upon, that the circumstances must point to the guilt of the defendant beyond a reasonable doubt, and must be such as cannot be explained by any other reasonable hypothesis. If you have a doubt from the circumstances, or from the direct testimony, or from all of the evidence as I have described to you as a reasonable doubt, then each defendant is entitled to that doubt, and you should say not guilty.' The error being: (1) That the State must prove the circumstances beyond a reasonable doubt, and (2) that the circumstances must point to the guilt of the defendant to the exclusion of every other reasonable hypothesis, and (3) if the circumstances point equally to the guilt of another, and (4) if there remains a reasonable doubt from the circumstances upon one or all of the said principles, then each defendant was entitled to the benefit of said doubt and should be acquitted."

The charge of the Court as to circumstantial evidence (quoted in the exception) was substantially correct, and if the defendant desired a fuller statement he should have requested it. *State v. Stevens,* 106 S. C., 272; 91 S. E., 302. *State v. Kendall,* 54 S. C., 192; 32 S. E., 300. *State v. Davenport,* 38 S. C., 348; 17 S. E., 37.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE and RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.