14872

RICE v. BRANDON CORPORATION *ET AL.*

(2 S. E. (2d), 740)

*Messrs. I. L. Tigert* and *Wise & Whaley,* for appellant,

*Mr. William Elliott, Jr.,* for respondents,

May 1, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an appeal from an order of Honorable William H. Grimball, Circuit Judge, setting aside an award of the South Carolina Industrial Commission made in favor of appellant, who was the father of Connor O. Rice, an employee on July 7, 1937, of the respondent, Brandon Corporation. Its co-respondent, American Mutual Liability Company, was the insurance carrier in accordance with the terms of our Workmen's Compensation Act (Act July 17, 1935, 39 St. at Large, p. 1231).

The issue before the Industrial Commission was whether or not Connor O. Rice came to his death as a result of any injury sustained by him while engaged about the duties of his employment. The Commission answered this in the affirmative, and Judge Grimball reversed this finding of fact for that such finding "depended entirely upon evidence

of a purely hearsay character," and that "this type of evidence is not entitled to any probative value in our Courts of justice."

A careful reading of the record discloses that, except for the attending physician's testimony that when he saw the infected wound on July 13, 1937, there was an abrasion of the skin a quarter to a half inch in length, which was corroborative of the claim of appellant that the death of Connor O. Rice was the result of a scratch on his arm, the award of the commission was predicated entirely on hearsay evidence. Sans the hearsay evidence there is no testimony in the case to warrant a finding of fact that the death of Connor O. Rice was the result of an injury sustained by him while engaged about the duties of his employment. On the other hand, when the hearsay evidence is given probative value there is ample testimony to sustain the finding of fact made by the Commission.

On the review of an award of the Industrial Commission, the Court of Common Pleas has no power to pass upon the facts of the case, unless there is no testimony on which to base such finding of fact, and it then becomes an issue of law. *Murdaugh v. Robert Lee Construction Co.,* 185 S. C., 497, 194 S. E., 447.

It is not an issue here if hearsay testimony is admissible to prove a fact in a hearing before the South Carolina Industrial Commission. The issue before the Court is: Can the Commission make a finding of fact based on hearsay testimony received in evidence without objection?

Appellant has argued in this case that in workmen's compensation cases, hearsay testimony may be the basis for an award where there are no other facts and circumstances tending to support such hearsay evidence, and as authority therefor quotes an excerpt from the opinion in *Spearman v. Royster Guano Co.,* 188 S. C., 393, 199 S. E., 530. The sentence following the one quoted, makes it clear that the Court was not deciding if hearsay evidence is admissible

in hearings before the Industrial Commission; and as above stated, such issue is not now before the Court.

All of the hearsay testimony in this case was admitted without objection. On the examination of one w i t n e s s, George Bramlett, when he was asked what Connor Rice told him, the objection was made that this would not be competent, and the hearing commissioner sustained the objection. However, on cross examination, the witness Bramlett in reply to questions propounded by a Mr. Anderson, representing respondents, and the one who had objected to this witness stating on direct examination what Connor Rice had said to him, testified in effect that Connor Rice told him he had hurt his elbow or arm on the machinery while at work in the mill.

In *Perry v. Mabus et al.,* 135 S. C., 292, 126 S. E., 487, it was held that complaint of hearsay evidence, which has been received without objection, cannot be first made on appeal.

"Evidence introduced without objection cannot be stricken out on motion." *Syllabus, Watkins v. Atlantic C. L. R. Co.,* 97 S. C., 148, 81 S. E., 426. See also *Ingram v. Sumter Music House,* 51 S. C., 281, 28 S. E., 936.

"Objection cannot be made to evidence after its admission without objection." *Syllabus, Kiddell, Exer. v. Bristow,* 67 S. C., 175, 45 S. E., 174.

"Objection must be made to testimony when offered for the purpose of basing an exception." *Syllabus, Powers v. Standard Oil Co.,* 53 S. C., 358, 31 S. E., 276.

From the holdings in the foregoing cases, we can reach no other conclusion than that even though hearsay evidence is not admissible to prove a fact, yet where such evidence, and other inadmissible evidence, is permitted in the record, without objection, then it is for the fact-finding body charged with duty of determining the issue of fact before it to give such probative value to such inadmissible testimony as it may deem proper, under the

circumstances. If this was not the correct rule, then there would be no particular virtue in objecting to inadmissible testimony when it is first offered in evidence, and then and there having it ruled out.

There being some testimony supporting the award  of the Industrial Commission, the Court of Common Pleas and this Court are without power to review its findings of fact.

Reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.