8214

GIVENS v. NORTH AUGUSTA ELECTRIC AND IMPROVEMENT CO.

1. PLEADINGS—SPECIAL DAMAGES—MOTIONS TO STRIKE OUT—TO MAKE DEFINITE.—An allegation that defendant knew all the facts and circumstances out of which the alleged special damages arose is held by reasonable intendment from the complaint to mean that defendant knew these facts at the time of making the contract. The remedy against such allegation is motion to make definite and not to strike out. It is not necessary to allege that defendant contracted with reference to such damages, but it is sufficient to allege knowledge of the special facts and circumstances at the time of contracting.

2. IBID.—MOTIONS TO STRIKE OUT.—A second motion to strike out allegations in a complaint comes too late if not noticed before answering or demurring, and within twenty days from service of pleading and when not embraced in the first motion.

3. IBID.—IBID.—EVIDENCE—JURISDICTION.—Refusal of one Circuit Judge to strike out irrelevant or redundant allegations does not deprive a

succeeding Circuit Judge of jurisdiction to rule out evidence in support of such allegations as he is in a better position to judge of the relevancy of the evidence on the trial of the case, and because the motion refusing is not appealable.

4. IBID.—MOTIONS TO MAKE COMPLAINTS MORE DEFINITE AND CERTAIN by requiring the plaintiff to set out practically all the evidence upon which he relies to prove his case should be refused.

5. ISSUES.—TO AN ACTION FOR DAMAGES FOR BREACH OF CONTRACT the provisions of section 293 of the Code of Procedure, authorizing the Court to order a reference "when the trial of the issues of fact shall require the examination of a long account on either side" does not apply, as in such case either party has the right to demand trial by jury.

6. CONTRACTS—FRAUD.—PUNITIVE DAMAGES are not recoverable for the wilful and wanton violation of a contract in absence of an intent to defraud the other party to the contract.

7. PUNITIVE, REMOTE AND SPECULATIVE DAMAGES—CHARGE.—After the admission of evidence generally as to punitive damages, an instruction that there is no evidence upon which punitive damages could be recoverd and that evidence as to remote and speculative damages, had been admitted which were based on punitive damages, which must fall with punitive damages, without definite instructions as to what damages could be included in the verdict, is error.

8. WHAT DAMAGES ARE RECOVERABLE IN CASES OF BREACH OF CONTRACT is stated in Martin v. Ry., 70 S. C. 8; Standard Supply Co. v. Carter & Harris, 81 S. C. 181; McMeekin v. Ry., 82 S. C. 468.

9. DAMAGES.—A PARTY BREACHING A CONTRACT to supply electric power is not liable for expenses incurred after expiration of contract by the other party in providing machinery suitable to use the power furnished by another manufacturer in place of that by which the power furnished by the breaching contractor was used, there being no renewal provision in the breached contract.

Before MEMMINGER, J., Aiken, Fall term, 1910. Reversed.

Action by John M. Givens against North Augusta Electric and Improvement Company. Defendant appeals.

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. B. Salley,* for appellant. cite: *Defendant must have notice of special*

*damages and must contract with reference thereto:* 83 S. C. 501; 2 Benj. on Sales 1122, 1124, 1129, 1142; 71 S. C. 211; 81 S. C. 536; 72 S. C. 395; 25 S. C. 68. *He must have notice of special circumstances at time of contracting:* 83 S. C. 501; 85 S. C. 19; 71 S. C. 82; 73 S. C. 264; 55 S. E. R. 764; 74 S. C. 286; 71 S. C. 211; 72 S. C. 395; 25 S. C. 68; L. R., 3 C. P. 499; 9 Ex. 341; 2 Benj. on Sales 1136. *Remote and speculative damages:* 69 Am. Dec. 748; 70 S. C. 16; 25 S. C. 68; 21 N. W. R. 752; 19 Ga. 420; 30 Ga. 577; 74 Ga. 233. *Motion to strike out the allegations of these damages should have been granted:* 70 S. C. 8. *Punitive damages not recoverable unless fraud is shown:* 77 S. C. 187; 70 S. C. 108; 3 Parsons 169; Woods Mayne on Dam. 61; Sedg., sec. 603; 13 Cyc. 190; 68 Ga. 190; 1 Jaggard on Torts 22, 24; 79 Ga. 360; 84 Ga. 416; 54 S. C. 498. *Rule for assessing damages:* 81 S. C. 181; 82 S. C. 468; 70 S. C. 8.

*Messrs. C. E. Sawyer* and *John F. Williams,* contra. *Mr. Sawyer* cites: *Court will take judicial notice that defendant is a public service corporation:* 53 S. C. 383; 80 S. C. 512; 81 S. C. 319; 70 S. C. 87. *Under allegations of intentional wrong all the facts and circumstances should be brought out:* 54 S. C. 505; 62 S. C. 335; 83 S. C. 76; 74 S. C. 16; 77 S. C. 369; 78 S. C. 565; 87 S. C. 249. *Motion seeking allegation of evidentiary facts should be overruled:* 78 S. C. 566. *Expenditures of defendant in replacing machinery in use should have been sent to jury:* 129 Mass. 322; Dud. 186; 70 S. C. 13; 81 S. C. 14; 179 Fed. 417. *Reference properly refused:* 75 S. C. 319; 27 S. C. 235; 17 S. C. 538. *Motion to strike out allegations of wilfulness comes too late at trial:* 11 S. C. 409; Rule XX Cir. Ct. *When opinions as to damages admissible:* 11 S. W. 418; 9 N. W. 410.

May 23, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   This is an action for damages for the breach of a contract whereby defendant agreed to furnish plaintiff with "all required electricity, not to exceed one hundred horsepower," for power and other purposes, for the period of two years, commencing September 1, 1906.   Plaintiff wanted to use the current in the operation of his dairy farm, and in the refrigeration of the products thereof, in the manufacture of ice, in the running of a public ginnery, and for propelling other machinery in connection with his farming operations and other business enterprises.

The complaint is very long, and it would encumber this opinion too much to set it out in full.   It is sufficient to say that it states in detail the various business enterprises in which the plaintiff was engaged, and the various purposes for which he intended to use the electricity contracted for in the conduct of his business; that defendant knew the nature of his business, and all the facts and circumstances detailed, and the special damages that would result to plaintiff by a breach of the contract.   It also alleges that defendant wilfully and wantonly broke the contract.

The defendant moved to strike out certain allegations of the complaint as irrelevant and redundant.   The grounds of the motion were, in substance, that the allegations sought to be stricken out set forth the plaintiff's business, the purpose for which he intended to use the electricity contracted for, and the special damages resulting to him from the failure of defendant to furnish the electricity, according to the contract, without alleging that defendant knew of these things, when the contract was made, and that he contracted with reference to such special damages; also, on the ground that some of the damages alleged are not recoverable, because they are remote and speculative.

The motion was properly refused, because it is plainly and unequivocally alleged in every paragraph of the com-

plaint in which special damages are alleged that defendant knew all the facts and circumstances out of which such damages arose, and that defendant knew also that such damages would result from its breach of the contract. While it is not alleged, in so many words, that defendant knew all this, when the contract was made, it is, by reasonable intendment, to be gathered from the complaint, construed as a whole, that defendant did know it at that time. But, if there was any uncertainty as to that, the defendant's remedy was by motion to make the complaint more definite and certain, by alleging when the defendant acquired knowledge of the facts and circumstances out of which the special damages arose, and not by motion to strike out the other material allegations which constitute the plaintiff's cause of action.

It is not necessary to allege in a complaint for special damages that defendant contracted with reference to such damages. It is sufficient to allege knowledge, at the time of contracting, of the special facts and circumstances out of which the special damages arose. From these it may be determined whether or not such damages were in the contemplation of both parties to the contract, and whether they contracted with reference thereto, which is, ordinarily, a question of fact for the jury, unless the evidence is susceptible of only one reasonable inference, and then it is for the Court. The rule as to the recovery of special damages for breach of contract is stated in the leading case of *Hadley* v. *Baxendale,* 9 Exch. 353: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.,* according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the

breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract."

The complaint does contain some allegations of remote and speculative damages, and if the motion to strike out had been directed exclusively at these, it is probable that it would have been granted. But we find, on examination of the notice, that defendant sought to strike out as irrelevant and redundant allegations of special damages, which may be recovered, if proved, along with the allegations of remote and speculative damages. The ruling upon this matter becomes immaterial, as a new trial is granted upon other grounds.

The defendant's motion, made at the trial, to strike out the allegations that it broke the contract wilfully and wantonly, was also properly refused. First, because it was not noticed within the time allowed by rule 20 of the Circuit Court, to wit: before demurring or answering, and within twenty days from the service of the pleading; second, because it should have been embraced in the first motion to strike out. Such motions are necessarily of a dilatory nature, and successive motions on different grounds will not be tolerated, where all the objectionable matter can be disposed of at once.

GIVENS *v.* ELECTRIC CO.                     423

It does not follow, however, that, because irrelevant or redundant matter is left in a pleading, either because of a failure to move to strike it out, or because of the refusal of such a motion, evidence must be admitted to prove it. The trial Judge is not bound to admit evidence to prove an allegation which another Judge has refused to strike out as irrelevant or redundant. The admission or exclusion of evidence to prove a given fact or circumstance frequently depends upon proof or lack of proof of some other fact or circumstance by which its relevancy or irrelevancy is made to appear. Therefore, even though another Judge had refused a motion to strike out matter alleged to be irrelevant or redundant, the trial Judge is not bound by such refusal to admit evidence to prove it. He is in a better position to determine its relevancy or irrelevancy; and where a party conceives himself prejudiced by an allegation of such matter and takes the proper steps by motion to have it stricken out, and his motion is refused, he is then in position to ask this Court to review the ruling of the trial Judge in admitting, over his objection, evidence to sustain such allegation. Of course, the burden is upon him to show that he was prejudiced thereby. *Martin* v. *Ry.,* 70 S. C. 8, 48 S. E. 616; *Bromonia Co.* v. *Drug Co.,* 78 S. C. 482, 59 S. E. 363.

There is another reason why the trial Judge may exclude evidence to sustain such an allegation, even though a motion to strike it out has been refused. The refusal of such a motion is not appealable. *Woodward* v. *Woodward,* 87 S. C. 247, and cases cited. Therefore, if the refusal of the motion to strike out is held to conclude the matter, and to be binding on the trial Judge, a party might suffer prejudice by the erroneous refusal of such a motion, without any remedy, when the statute (section 181 of the Code of Procedure) recognizes the possibility of a party suffering prejudice by such allegations and provides a remedy by motion to strike out.

The defendant also made a motion to require the plaintiff to make his complaint more definite and certain in a great many particulars, which would have required the plaintiff to set out in his complaint practically all the evidence on which he relied to prove his case. There was no error in refusing the motion.

As this is an action for damages for a breach of contract, the parties have a constitutional right to a trial by jury. Section 293 of the Code of Procedure, which authorizes the Court, in its discretion, to order a reference in cases "where the trial of an issue of fact shall require the examination of a long account on either side" does not apply in a case like this. *Smith* v. *Bryce,* 17 S. C. 538; *Wilson* v. *York,* 43 S. C. 299, 21 S. E. 82; *Thomas* v. *Rouse,* 85 S. C. 69, 67 S. E. 140.

Evidence was admitted, over defendant's objection, to prove remote and speculative damages, the Court holding that the complaint alleged a wilful and wanton violation of the contract, which, if proved, would entitle plaintiff to punitive damages. This was error. Punitive damages are not recoverable for breach of contract, except where the breach is accompanied by an intent to defraud the other party to the contract. *Welborn* v. *Dixon,* 70 S. C. 108, 49 S. E. 232. There is no allegation of fraud in this case. Therefore, punitive damages are not recoverable, notwithstanding the allegation of a wilful and wanton violation of the contract by the defendant. After hearing all the evidence, his Honor instructed the jury that there was no evidence upon which punitive damages could be awarded, and that a good many of the elements of damage as to which he had admitted evidence were remote and speculative and were based on the claim for punitive damages, and must fall with that claim. But there was no definite instruction given as to what claims for remote and speculative damages should be excluded, further than that such damages were

not recoverable, and that they were "such as prospective profits, loss of reputation," etc. As evidence of remote and speculative damages other than loss of prospective profits and loss of reputation had been admitted, and as the jury were not instructed, except in a general way, what damages should be included in their verdict, if they found for the plaintiff, it appears very probable that defendant was prejudiced by the course of the trial in that respect.

The rule for the correct measure of damages in cases like this has been so recently considered by this Court that it is unnecessary to do more than to refer to the cases. See *Martin* v. *Ry.*, 70 S. C. 8, 48 S. E. 616; *Standard Supply Co.* v. *Carter & Harris*, 81 S. C. 181, 62 S. E. 150, 19 L. R. A. (N. S.), 155n; *McMeekin* v. *Ry.*, 82 S. C. 468, 64 S. E. 413, and cases therein cited.

Plaintiff's contract with defendant expired September 1, 1908, and there was no provision for a renewal thereof. After the expiration of his contract with defendant, the plaintiff made a contract with the Carolina Light and Power Company to furnish him electricity. Owing to a difference in the kind of current supplied by these companies, plaintiff found it necessary to make certain alterations in his transmission lines and in his machinery and to get some new machinery before he could use the current furnished by the Carolina Light and Power Company. He was also put to some expense to obtain rights of way to connect with the last named company. Against the objection of the defendant, plaintiff was allowed to introduce evidence of these expenses as elements of damages recoverable on account of defendant's breach of the contract. And the Court refused defendant's request to instruct the jury that plaintiff was not entitled to recover these expenses, because they were not caused by defendant's breach of the contract, but arose after the expiration of the contract and grew out of defendant's refusal to renew it. It was error to admit the testimony and to refuse the

request referred to, for it is clear that these elements of damage did not result from defendant's breach of the contract.

As the sixth paragraph of the complaint contains the allegation of these elements of damage, and as the defendant moved to strike out that paragraph as irrelevant, and as we have held that there was no error in refusing the motion, it is proper that we should say that it does not appear from the allegations of said paragraph when said expenses were incurred, whether before or after the expiration of defendant's contract, and it was not made to appear otherwise. From the language used, it is fairly inferable that these expenses were incurred before the expiration of defendant's contract and as the result of the breach thereof. If that had been so, of course, the allegations of that paragraph would have been pertinent.

What we have said practically disposes of all the exceptions which have sufficient merit to require special attention.

Judgment reversed and new trial granted.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE WOODS *participate in this opinion. The former concurs in the result. The latter concurs.*