HENRY J. DIXON vs. VOLUNTEER CO-OPERATIVE BANK.

Suffolk.    November 14, 15, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Damages,* In contract.   *Practice, Civil,* Ordering verdict.   *Attorney at Law.*

In an action of contract for the alleged wrongful termination by the defendant of a contract to employ the plaintiff for one year, the presiding judge properly may refuse to rule, that, admitting that the plaintiff had been dismissed wrongfully from his employment, a verdict must be ordered for the defendant unless the plaintiff proves his actual loss by showing what he has done with his unemployed time and how much he has earned elsewhere; because, even if such a rule of damages should be applied, the plaintiff still would be entitled to nominal damages.

An attorney at law, who is employed by a co-operative bank as its attorney for a year to perform the duty of examining the titles to land offered to the bank as security for loans to be made to applicants, by whom the attorney is to be paid for his services, such earnings amounting to about $1,300 a year, is not bound to account to the bank for his time, and, if he is discharged wrongfully by the bank shortly after the beginning of the year for which he was employed, in an action by him against the bank for its breach of contract the damages to which he is entitled are not to be diminished by reason of his earnings from additional work undertaken by him after his wrongful discharge by the defendant.

CONTRACT, by an attorney at law against a bank, for breach of an agreement made on January 18, 1911, to employ the plaintiff as the attorney of the defendant for the term of one year, alleging that the defendant wrongfully discharged the plaintiff as such attorney on February 15, 1911.   Writ in the Municipal Court of the City of Boston dated February 16, 1911.

On appeal to the Superior Court the case was tried before *Hitchcock,* J.   The jury returned a verdict for the plaintiff in the sum of $1,413.12; and the defendant alleged exceptions, raising the questions which are stated in the opinion and the footnotes.

*E. N. Carpenter,* for the defendant.

*A. D. Hill,* for the plaintiff.

LORING, J.  1. The defendant cannot complain that the jury were allowed to find that the plaintiff's employment was for a year. The directors' records state that "Director Merrick nominated Henry J. Dixon to be the Atty. of the Bank for the current year," and thereupon it was voted that Swain (the present attorney) and Dixon (the plaintiff) be considered as nominees, and on the roll being called the plaintiff was declared elected, it "being understood that all conditions shall be continued as by his predecessor, Mr. Swain." It also appeared from the directors' records that in each of the years 1905, 1906, 1907, 1908, 1909 and 1910 it was voted that Swain "be the attorney for the bank for the ensuing year." There was ground for contending that the vote by the directors under which the plaintiff was elected as matter of law made his employment one for a year. But, however that may be, the votes stated above taken together warranted a finding to that effect. The jury were not bound to believe Swain's testimony that he had not been elected by the year. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314.

The exception to the first ruling asked for * must be overruled.

2. The exception taken to the refusal to give the fourth ruling asked for † must be overruled. Even if the rule of damages there stated had been the rule which should have been applied in the case at bar the result would have been that the plaintiff would have been entitled to nominal damages, not that the defendant would have been entitled to a verdict.

3. This brings us to the exception taken to the rule of damages

---

* The first ruling asked for was as follows: "On all the evidence a verdict should be directed for the defendant."

† The fourth ruling asked for was as follows: "The mere fact that an employer has determined the relation of employment by an illegal dismissal, does not entitle the dismissed employee, on that account, to recover what he might or would have received for the entire remainder of the employment period by being ready and willing to serve; all that he is entitled to in the way of damages is indemnity; it is part of his case to prove what he has done with his unemployed time, how much earned and what, if anything, is his actual loss; if he puts in no evidence, or insufficient evidence on that matter there is nothing to show that he might not actually have earned more in other occupation of his time, and a verdict on that account should be directed for the defendant in this case because plaintiff has so failed here."

which the presiding judge told the jury to follow in rendering their verdict in case the question of damages was reached by them.

Whether the judge was wrong in instructing the jury as he did depends upon the case which had been made out in evidence including the contentions which the parties had made on that case.

The plaintiff brought this action to recover damages for breach by the defendant of its contract to employ him as its attorney for the year ending January 18, 1912. Under the verdict rendered in this court he was wrongfully dismissed on February 15, 1911, when less than a month of the year had expired.

The plaintiff had been admitted to the bar in August, 1908, and "began his practice of law in the fall of 1908," that is to say, a little over two years before the defendant agreed to employ him as its attorney for a year. The work which the plaintiff was to do under his employment by the defendant consisted in examining titles to land offered to the bank as security for loans to be made by it to the applicants. For these services he was to be paid by the applicants, not by the bank.

It was agreed that the attorney employed by the bank in place of the plaintiff "earned from January 18, 1911 to January 18, 1912 as fees from borrowers for work he did in examining titles on loans made by the defendant bank during said period the sum of $1,320.63; that he received no payments direct from the defendant bank for any services during said period because of the fact that no services had been required of him by said bank or been performed by him during said period." This was all the evidence bearing on the question of damages.

The record does not disclose what the contentions of the parties were upon the damages due to the plaintiff except so far as they may be gathered from the fourth ruling asked for by the defendant which is stated above.

The instruction given to the jury was as follows: "If the plaintiff is entitled to recover, the plaintiff is entitled to have what you should find would be the loss to him by the failure on the part of the defendant company to give him such work as might be reasonably expected by him during the year."

In his fourth request for a ruling the defendant has assumed that the rule of damages which should be applied in the case at bar is the rule applicable in a case where there is a wrongful dis-

charge of an employee all of whose time (under the contract of employment which has been broken) was to be given to the employer. It is not necessary to decide whether the rule applicable in that case was or was not correctly stated in the fourth request. The matter is discussed and the authorities are collected in *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. For that rule has nothing to do with this case. Before the plaintiff was wrongfully discharged by the defendant from his position as its attorney he had a right to take on additional work without accounting to the defendant for the profits derived from it. That right was not lessened by the defendant's breach of its contract with the plaintiff by wrongfully discharging him from his position as its attorney. Under the contract broken by the defendant the plaintiff's time did not belong to the defendant. The plaintiff was not the defendant's servant and so bound on being wrongfully discharged to make use of his time (which under the contract was the defendant's) so as to minimize the damages suffered by him. On the contrary the plaintiff was in the position of the subcontractor in *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41. In that case a subcontractor for the erection of part of a building was notified not to proceed with his contract with the principal contractor, the principal contract having come to an end before the building was completed. Subsequently the subcontractor finished the work he was to have done under the subcontract, under a new contract with the owner. It was held in an action brought by the subcontractor against the principal contractor that he (the subcontractor) did not have to account for the profits made by him under the subsequent contract with the owner and could recover from the principal contractor the difference between the price to be paid under the subcontract and the cost of the work to be done under it. For these reasons we are of opinion that the rule of damages which applies in case a servant is wrongfully discharged is not applicable in the case at bar.

In what then was the ruling given wrong? There is a difference between *Olds* v. *Mapes-Reeve Construction Co.* and cases like that now before us, but it is of no consequence in the case at bar. The difference consists in the fact that the subcontract in *Olds* v. *Mapes-Reeve Construction Co.* was one which did not require the personal attention of the subcontractor, while in the

work of examining titles the personal services of the attorney himself are to some extent required. Doubtless some of the work of examining titles can be delegated to subordinates, but the final opinion of the validity of the title submitted to him must be given by the attorney himself. The fact that the subcontract in *Olds* v. *Mapes-Reeve Construction Co.* did not require the subcontractor's personal attention was relied on in the opinion in that case as a material fact. This difference between the two cases may lead to a possible limitation, namely: In case it were made out that an attorney employed to examine titles could not do any other work in addition to it, he could not before he was wrongfully discharged take on other work, and in such a case, if he took on additional work after being wrongfully discharged it would seem that he would have to account for the profits. But there was nothing in the facts in evidence in the case at bar which could give rise to any question as to that limitation. In the case at bar the work to which the plaintiff was entitled under his contract with the defendant was given by it to Swain and Swain received for that work $1,320.63. That would not necessarily so engross the time of an attorney that he could not take on additional work. Moreover Swain, to whom the defendant wrongfully gave this work, testified that he acted as attorney for a number of banks like the defendant. There was nothing in the evidence or in the contentions taken by the defendant which called for instructions on this possible limitation of the general rule that an attorney wrongfully discharged need not account for additional work taken on by him after the breach.

If the evidence had given rise to the point that what the plaintiff was entitled to as damages was the net profit which he would have made as distinguished from the gross amount which he would have received, the judge should have so instructed the jury. But there was nothing in the evidence bearing upon that distinction, and there was nothing in the contentions put forward by the defendant which made it necessary for the judge to go into an explanation of that matter, assuming that that question could have been raised on the evidence introduced in this case.

The instruction of the judge as to the damages due the plaintiff was correct so far as it went, and was all that was called for by the evidence which had been introduced and the contentions made

by the defendant on that evidence so far as they are disclosed in the record.

The entry must be

*Exceptions overruled.*