MOUNT PLEASANT STABLE COMPANY *vs.* LOUIS STEINBERG & another.

Suffolk.     March 16, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Damages,* For breach of contract. *Contract,* Construction. *Interest.*

The rule that, when a contract calling for personal services is broken by the party to whom the services are to be rendered, the party who was to furnish the services is bound to use reasonable efforts to obtain other employment reasonably adapted to his abilities, thereby lessening the damage to be paid him as compensation for the breach of the contract, has no application in an action by a master teamster for damages resulting from a breach of a contract in writing whereby he agreed, at a stipulated price per team, to "furnish to" a merchant "all teams required by" him "for the delivery of" his goods, the merchant agreeing to let the teamster know each afternoon the number of teams that would be required the next day and not to hire outside teams while the teamster could supply them, it also appearing that the contract did not require any special skill on the part of the teamster and could be performed by his employees, and did not preclude him from carrying on other contracts.

The plaintiff in the action above described was entitled to recover damages measured by the difference between the contract price and what it would have cost him fully to have performed the contract.

At the trial of the action above described, it appeared that the teamster bought two horses for special use in the carrying out of the contract, which, after the breach of the contract by the defendant, he sold at a loss of $140. *Held,* that this loss could not be recovered in addition to the damages assessed according to the rule above stated.

In the action above described, the plaintiff was entitled to interest from the date of the writ upon the amount assessed according to the rule above stated.

It appeared that the contract above described called for performance for a period of two years, that it was broken and the action was begun within the first four months of the two years, and that the damages assessed were based upon findings of the profit per team that the plaintiff would have realized from a full performance of the contract. *Held,* that the plaintiff was entitled to interest from the date of the writ upon the amount assessed as damages.

CONTRACT upon a contract in writing providing that for two years beginning August 1, 1914, the plaintiff should "furnish to" the defendants "all teams required by them for the delivery of their goods, each team to be equipped with a canvas," and that the defendants should pay therefor $6 per day for double teams and $4 per day for single teams, the defendants also agreeing to

notify the plaintiff before six o'clock each afternoon as to the number of teams required for the following day, and that they would hire no outside teams while the plaintiff could supply them. Writ dated November 7, 1914.

In the Superior Court the action was referred to an auditor. The auditor's findings on the question of damages were as follows:— "Should the court find that as a matter of law the plaintiff is entitled to recover and that it is entitled to recover damages from the time it discontinued its work up to the expiration of the contract, I find as a fact that the contract had one year, eight months and twenty days to run and that deducting from that period of time Sundays and holidays and other days when horses and caravans would not be used by reason of weather conditions, the plaintiff would have been called upon to supply horses and caravans for approximately four hundred and fifty days. I find that the general average of horses and wagons (caravans and tip-carts) used was four and one half per day and that the profit which the plaintiff would make was $1 per wagon, making a total profit of $2,025. To this sum should be added the loss resulting from the sale of the two Cliest horses, making a total loss of $2,165, which sum the plaintiff is entitled to recover as damages."

Other material findings of the auditor are described in the opinion. The action was heard by *Keating,* J., without a jury, upon the auditor's report as the only evidence. He found for the plaintiff, in the sum of $2,733.75, " consisting of $2,025, the sum found due the plaintiff in one of the auditor's findings, with interest from the date of the writ; " and reported the action to this court for determination.

*C. S. Hill,* for the defendants.

*P. D. Turner,* for the plaintiff.

CARROLL, J. The parties entered into a written contract dated June 25, 1914, by which the plaintiff was to furnish at an agreed price, single and double teams to do the defendants' trucking. There was evidence that after the parties had operated under the contract for a few months the defendants broke the contract. The auditor found that at the time of the breach the contract had four hundred and fifty days to run; that the defendants were using during the period on an average " four and one half teams per day," and that the profit to the plaintiff would be $1 for each team,

making the total profit $2,025. He also found that the plaintiff purchased for special use in the defendants' business, two " Cliest " horses for which it paid $625 and sold them for $485, sustaining a loss thereby of $140. The defendants contend that the plaintiff is entitled to damages, only from the time the work under the contract was discontinued to the date of sale; that the rule of damages is the same as in a contract for personal services, and it is the duty of the party claiming damages for the breach of such contract, to make all reasonable efforts to secure another contract. In the Superior Court the case was heard on the auditor's report. The judge found for the plaintiff in the sum of $2,025 for damages, and interest from the date of the writ, and the case was reported to this court on the question of damages only, on the pleadings and the auditor's report.

The auditor found that eight days after the contract was broken, the plaintiff sold all its horses, caravans and other equipment at public auction; that at this time there was a demand for horses and caravans, and it could have found a ready market for their use at a price equal to that which it was to receive from the defendants; that the plaintiff could have found use for its horses and wagons, had it made any real effort to do so, at the contract price; and that if the plaintiff was entitled to damages only from the time of the breach, to the time of the sale, it is entitled to recover $36.

The rule that when a contract calls for the personal services of a party, he is required, in case the contract is broken by the other party, to use reasonable efforts to obtain other employment reasonably adapted to his abilities, thereby lessening the damages, *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6, *Hussey* v. *Holloway*, 217 Mass. 100, has no application to the case at bar. The auditor found that the contract did not require on the part of the plaintiff, any special skill and could be performed by its employees. In *Dixon* v. *Volunteer Co-operative Bank*, 213 Mass. 345, the plaintiff was hired by the defendant to act as its attorney for one year. His work was to examine titles to land offered to the bank as security. Before he was discharged he had the right to do additional work without accounting to the defendant for the profits received. It was held that this was not lessened by the defendant's breach of the contract, that the plaintiff's

time did not belong to the defendant under his contract and he was not its servant and not bound to minimize the damages suffered by him, and that the rule of damages which is applicable when a contract for personal service is broken, did not apply. The same rule governs the case at bar. *Wolf* v. *Studebaker,* 65 Penn. St. 459. *Allen* v. *Murray,* 87 Wis. 41, 47, 48. The contract did not preclude the plaintiff from carrying on as many other contracts as it saw fit. Its time did not belong to the defendants and the contract did not call for personal services on the part of the plaintiff. The defendants having broken the contract became liable to the plaintiff for all damages which would compensate it for its loss and such as the parties were supposed to have contemplated would result from its breach. The plaintiff was entitled to recover damages measured by the difference between the contract price and what it would have cost it to have performed the contract, or, as found by the auditor, a profit of $1 on each team from the time the contract was broken until its expiration according to its terms. *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41. *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21. *Dixon* v. *Volunteer Co-operative Bank, supra.* *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 34. *Pipolo* v. *Fred T. Ley & Co. Inc.* 216 Mass. 246.

The auditor found that the plaintiff bought two " Cliest " horses specially for use in connection with the defendants' business, for which he paid $625 and sold them at a loss of $140. The plaintiff contends it is entitled to recover this amount in addition to the profits on the contract. If the plaintiff had completed the contract, it could recover only the contract price. This expenditure for preliminary outlays could not be received in addition, and by recovering the profits on the contract, full compensation is given for its loss. See *Holt* v. *United Security Life Ins. & Trust Co.* 47 Vroom, 585, 597, 599; *Worthington & Co.* v. *Gwin,* 119 Ala. 44, 51. It is not necessary to decide in this case, if a contract is broken, what damages should be recovered for expenses in preparing for its performance, where the profits cannot be determined. See *Pond* v. *Harris,* 113 Mass. 114, 121, 122.

The plaintiff is entitled to interest from the date of the writ.

*Cormier* v. *Brock*, 212 Mass. 292. *Jackson* v. *Brockton*, 182 Mass. 26. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87.

According to the report, judgment is to be entered on the findings.

*So ordered.*