10692.

### SULLIVAN v. CALHOUN *ET AL.*

(108 S. E. 189)

1. LANDLORD AND TENANT—COMPLAINT OF CROPPER TO JUSTIFY PUNITIVE DAMAGES FOR CONVERSION NEED NOT ALLEGE FRAUD DIRECTLY.—In an action by a share cropper against the owners of the land for their conversion of the crop and refusal to make an account to him for his part thereof, it was not necessary to justify an award of punitive damages that the complaint allege fraud in direct terms, it being sufficient if facts were stated from which fraud was necessarily to be implied.

2. LANDLORD AND TENANT—COMPLAINT OF CROPPER HELD TO ALLEGE FRAUD JUSTIFYING AWARD OF PUNITIVE DAMAGES.—Complaint of share cropper against owners of land, alleging that they willfully violated the contract and took exclusive possession of plaintiff cropper's one-half interest in the crop, *held* sufficiently to allege fraud on the part of defendant owners to justify award of punitive damages to plaintiff share cropper.

Before MAULDIN, J., Greenville, October, 1920.   Appeal dismissed.

Action by Ferdinand Sullivan against Peter and Sara Calhoun.   Judgment for plaintiff and defendants appeal.

*Messrs. J. J. McSwain* and *Oscar Hodges,* for appellants, cite:   *No punitive damages recoverable for breach of contract in absence of fraud:*   77 S. C. 188; 91 S. C. 417; 96 S. C. 240; 112 S. C. 499.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Fraud:* 12 R. C. L. 229. *Sufficient plea of fraud:* 112 S. C. 71.

August 1, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The question raised by the exceptions   is whether   the plaintiff, under the allegations of the complaint, was entitled to punitive damages.

The complaint is as follows:

"(1)   That in February, 1918, the plaintiff entered into a contract with the defendants, for the occupation and cultivation of about five acres of land on the Augusta road, near the city of Greenville, which belongs to the defendant Sarah Calhoun, for the year 1919, the defendants furnishing the stock and the plaintiff the labor upon an equal division of the crop when made; that plaintiff pitched the crop and laid it by, and on or about the 18th of July, without just cause or excuse, the defendants ran the plaintiff off said premises, gathered the crop, and refused to make an account to the plaintiff of his part thereof.

"(2)   That the net proceeds of the crop amounted to about $600, one-half of which the plaintiff was entitled to.

"(3)   That the conduct of the defendants was in willful violation of the plaintiff's right in the premises, and that he has been damaged by their said conduct in the sum   of $500."

There was testimony tending to sustain the allegations of the complaint. The jury rendered a verdict in favor of the plaintiff for $375 actual damages, and for $100 punitive damages, whereupon the defendants appealed.

The appellants contend that the complaint does not allege fraud. It is not   necessary   to allege fraud in direct terms; it being sufficient if the facts are stated from which it is necessarily implied.

Not only does the complaint allege that the defendants willfully violated the contract, but also that they took exclusive possession of the plaintiff's one-half interest in the crop. This allegation is sufficient to constitute fraud.

In 12 R. C. L. 229, the rule is thus stated:

"Fraud assumes so many hues and forms that Courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily upon the conscience and judgment of the Court or jury in determining its presence or absence. While it has often been said that fraud cannot be precisely defined, the books contain many definitions, such as unfair dealing; the unlawful appropriation of another's property by design."

The foregoing is in harmony with the decisions rendered by this Court. In *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407 (in which the doctrine was announced that punitive damages are recoverable when there has been a fraudulent breach of the contract), the Court used this language:

"In the case of *Lee v. Lee,* 11 Rich. Eq. 574, the Court quotes with approval the following language from *Russell v. Southard,* 12 How. 139: 'To insist on what was really a mortgage as a sale is, in equity, a fraud, which cannot be successfully practiced under the shelter of any written papers, however precise and complete they may appear to be.' Under the allegations of the complaint it was a fraudulent act on the part of the defendant, when he intentionally disposed of the land as the owner thereof, knowing that it was conveyed to him by way of mortgage, and that it belonged to the plaintiff (but, of course, subject to the mortgage)."

Appeal dismissed.

MR. JUSTICE COTHRAN disqualified.