## 10698

### WINTHROP v. ALLEN

#### (108 S. E. 153)

1. LANDLORD AND TENANT—TENANT'S COUNTERCLAIM IN ACTION FOR RENT HELD TO PLEAD FRAUD, ENTITLING HIM TO PUNITIVE DAMAGES. —In a landlord's action for rent, tenant's counterclaim, alleging that landlord, in violation of his agreement not to disturb labor residing on land under landlord's control, but employed by tenant, "deliberately, and with the intention of doing injury to the defendant, willfully, and negligently moved about twenty negro laborers away, took a number from the fields of the defendant, and began working them in the fields of the plaintiff, thereby depriving defendant of the only possible means of harvesting his crop," *held* to entitle tenant to punitive damages on the ground of fraud.

2. LANDLORD AND TENANT—TENANT'S COUNTERCLAIAM HELD TO STATE CAUSE OF ACTION FOR TORT, ENTITLING HIM TO PUNITIVE DAMAGES.— In a landlord's action for rent, defendant's counterclaim, alleging that landlord violated his agreement not to disturb labor residing on land under landlord's control, but employed by tenant, and "deliberately, and with the intention of doing injury to the defendant willfully, and negligently moved about twenty negro laborers away, took a number from the fields of the defendant, and began working them in the fields of the plaintiff, thereby depriving defendant of the only possible means of harvesting his crops," *held* to state a cause of action in tort entitling tenant to punitive damages the allegations as to the contract being merely preliminary to the action based on the tort.

Before BOWMAN, J., Hampton. ———. Reversed.

Action by Frederick Winthrop against Paul H. Allen. Judgment for plaintiff and defendant appeals.

*Messrs. Hugh O. Hanna* and *George Warren,* for appellant, cite: *Tort arising out of contract:* Code Proc., 1912, Sec. 200; 11 S. C., 337. *Plaintiff failing to make defend-*

*ant elect waived objection*: 43 S. C., 221; 20 S. E., 980; 68 S. C., 257. *Allegations of answer appropriate to an action in tort*: 26 A. & E. Enc. Law, (1st Ed.), 72; 70 S. C., 108. *Willful tort*: 70 S. C., 108.

*Mr. J. W. Manuel*, for respondent, cites: *Appellant must show prejudicial error*: 103 S. C., 238; 106 S. C., 84; 107 S. C., 233; 108 S. C., 397; 114 S. C., 536. *Punitive damages not recoverable for breach of contract unless accompanied by fraud*: 70 S. C., 108; 77 S. C., 192; 80 S. E., 437; 96 S. E., 297; 91 S. C., 424.

August 1, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This case was brought by the plaintiff to recover rent alleged to be due by the defendant to him, for certain real estate for the years 1913 and 1914. The defendant answered by general denial, and as a counterclaim alleged that during the years 1912, 1913 and 1914 the plaintiff willfully and negligently committed certain acts, resulting in damage to the defendant, and asked for a judgment of $25,000 by way of a counterclaim. At the close of the defendant's testimony plaintiff made a motion for a directed verdict against the defendant for the sum of $555.05; and the plaintiff also made a motion for a directed verdict as to the defendant's claim for punitive damages on the ground, to wit: that punitive damages cannot be awarded for the breach of a contract, unless fraud be both alleged and proved and that there was no allegation of fraud in the counterclaim filed in this case. After hearing argument by counsel, the Court ruled as follows: 'I refuse the motion for the direction of a verdict in favor of the plaintiff for so many dollars. The question of punitive damages is eliminated. I am going to cut that out.'"

The charge of the presiding Judge sufficiently states the case and pleadings.

Turning to the charge we find the following:

"The plaintiff.alleges that for two years he rented to Mr Paul Allen, the defendant, certain lands and that there is a balance due him for rent of $555.05, which is still unpaid, and he asks for a judgment at your hands for that amount, $555.05.

"Mr. Allen, the defendant, comes in with his answer and for a first defense he denies each and every allegation in the complaint of the plaintiff. He alleges that during the years 1912, 1913, and 1914, the plaintiff, through his agents, servants, and employees, acting under the express direction and within the scope of their employment, willfully, wantonly, carelessly, negligently, and with a total disregard to the rights of this defendant, broke his express agreement and contract with this defendant, to the effect that the labor then residing on certain lands in Hampton County, S. C., under the control of the plaintiff, and on the lands of the defendant, would not be disturbed by the plaintiff, but would be allowed to work the lands which Robert Winthrop had rented to the defendant, such contract and agreement being broken by the said plaintiff by having the said labor intimidated and coerced against working for the said defendant, and by having said laborers moved away and taken out of the crops of the defendant, then being raised by the said defendant, during the harvesting seasons of 1913 and 1914; that the plaintiff had expressly agreed to allow the defendant the privilege of employing said laborers, about 25 or 30 in number, during the year 1913, and had ratified this express agreement on several occasions.

"That the defendant during the year 1913 planted said lands, putting down large quantities of fertilizers on the said lands, amounting to about $450, and planting seeds costing

about $100, at, a cost to the defendant for labor and plows for the planting and cultivation, of about $800 or more; *that at harvest time and at the time that cotton was to be picked, the plaintiff, notwithstanding his agreement not to. do so, deliberately, and with the. intention of doing injury to the defendant, willfully, and negligently moved about 20 negro laborers away, took a number from the fields of the defendant, and began working them in the fields of the plaintiff, thereby depriving defendant of the only possible means of harvesting his crop.*"

The jury rendered a verdict in favor of the plaintiff for $555.05, and the defendant appealed.

The vital question in the case is raised by the following exception:

"His Honor erred, it is respectfully submitted, in holding that the law in this case does not allow punitive damages, and in refusing to submit the question of punitive damages to the jury: the error being that the counterclaim of defendant was based on an action ex delicto arising out of the contract, and in such an action the law does allow punitive damages, and the same should have been submitted to the jury."

The first question we will consider is whether the allegations of the counterclaim were sufficient to entitle the defendant to punitive damages on the ground of fraud. The allegations of the counterclaim which we have italicized show that the plaintiff not only committed a breach of the contract, by willfully invading the rights of the defendant, but likewise removed about 20 negro laborers from the fields of the defendant *for the purpose of financial benefit to himself.* In 12 R. C. L. 229, we find the following, under the definition of fraud:

"Fraud assumes so many different hues and forms that Courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear

heavily on the conscience and judgment of the Court or jury, in determining its presence or absence. While it has often been said that fraud cannot be precisely defined, the books contain many definitions, such as the unlawful appropriation of another's property by design."

See, also, *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407. These authorities render unnecessary the citation of others, in order to show error on the part of his Honor the presiding Judge.

The next question that will be considered is whether 2 the allegations of the counterclaim that the plaintiff willfully and wantonly invaded the rights of the defendant entitled him to punitive damages. The following definition of a tort is quoted with approval in *Welborn v. Dixon,* 70 S. C., 108; 49 S. E., 232; 3 Ann. Cas., 407.

"The word 'tort' means nearly the same thing as * * * civil wrong. It denotes an injury inflicted otherwise than by mere breach of contract; or, to be more nicely accurate, a tort is one's disturbance of another in rights which the law has created, either in the absence of contract or in consequence of a relation which a contract has established between the parties.

It is true, the answer alleges that the plaintiff willfully wantonly, carelessly, negligently, and with a total disregard of the rights of the defendant, broke his express agreement and contract with the defendant in the manner therein stated; but it also alleges a cause of action for damages arising ex-delicto; the allegations as to the contract being merely preliminary to the action based on tort. *Pickens v. Railway,* 54 S. C. 498, 32 S. E. 567; *Hellams v. Tel Co.,* 70 S. C. 83, 49 S. E. 12; *Harrison v. Tel. Co.,* 71 S. C. 386, 51 S. E. 109, *Cabe v. Ligon,* 115 S. C. 430, 105 S. C. 739. We do not deem it necessary to cite authorities to sustain the generally recognized and well-settled principle that whenever the allegations of a complaint or counterclaim are sufficient to con-

stitute an action ex delicto, and that it was committed willfully, wantonly, and with a total disregard of the injured party's rights, he would be entitled to punitive damages.

The respondent's attorneys argue that, while it is true punitive damages are recoverable for fraud in an action for damages arising ex contractu, the injured party is not entitled to punitive damages, in an action where the tort is accompanied with willfulnes or wantonness. They cite the following authorities to sustain this proposition: *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407; *Prince v. Ins. Co.,* 77 S. C. 187, 57 S. E. 766; *Givens v. Electric Co.,* 91 S. C. 417; 74 S. E. 1067. *Donaldson v. Temple,* 96 S. C. 240, 80 S. E. 437; *Reaves v. Tel. Co.,* 110 S. C. 233, 96 S. E. 295. In the first-mentioned case this Court, after stating that there were allegations in the complaint appropriate to an action for damages arising ex contractu, but also to an action of tort, committed with a fraudulent and malicious intent, used this language:

"Under the allegations of the complaint it was a fraudulent act on the part of the defendant when he intentionally disposed of the land as the owner thereof, knowing that it was conveyed to him by way of mortgage, and that it belonged to the plaintiff (but, of course, subject to the mortgage). The question, then, is presented whether, in an action arising out of a breach of contract, attended with a fraudulent act, the defendant is liable for exemplary damages. There is no doubt as to the general principle that in an action for breach of contract the motives of the wrongdoer are not to be considered in estimating the amount of damages, and that he is only liable for such damages as are the natural and proximate result of the wrongful act. When, however, the breach of the contract is accompanied with a fraudulent act, the rule is well settled, certainly in this State, that the defendant may be made to respond in punitive as well as compensatory damages."

The ruling of the Court that the plaintiff was entitled to punitive damages was based upon the principle that fraud is a tort. . No reference whatever was made to torts committed with willfulness or wantonness, for the reason that no such question was involved, and was not argued.

In the case of *Prince v. Ins. Co.,* 77 S. C. 187, 57 S. E. 766 the plaintiff sought to recover damages for the alleged failure of the defendant to issue to him a policy of insurance on his life. It was alleged that, although the plaintiff had performed his part of the contract in full, the defendant refused to issue the policy, but instead willfully and wantonly attempted to compel plaintiff to accept another policy of insurance, by threatening plaintiff with imprisonment. The Court said:

"The final question for consideration is whether or not punitive damages are recoverable in this case. * * * This is * * * an action on contract, and unless fraud is alleged and proved, punitive damages cannot be recovered for the breach. The general rule is thus stated in Sedgwick on Damages (8th Ed.) § 603: 'It may be considered to be established that the motives of the defendant in breaking his contract are to be disregarded, and consequently, exemplary damages are not recoverable.' In this State, however, in the early case of *Rose v. Beattie,* 2 N. & McC. 538, the doctrine was suggested that where a breach of contract is accompanied with a fraudulent act, punitive damages are recoverable, but not for a breach unaccompanied by fraud. This principle has been recently laid down as the law in the case of *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232. As no fraudulent act is here alleged, exemplary damages cannot be recovered."

In the said case the plaintiff alleged the failure and refusal of the defendant to comply with his part of the contract, and that in so doing he acted willfully and wantonly, *but the plaintiff did not allege such facts as were sufficient*

*to show willfulness or wantonness on the part of the defendant;* furthermore it was stated in the opinion *that the action was on contract.* Mr. Chief Justice Pope, who delivered the opinion, quoted from Sedgwick on Damages for the purpose of showing the marked difference between mere *motive* and *acts* accompanying the breach or a contract.

Even if the language we have quoted is susceptible of the interpretation that punitive damages are recoverable when there is a breach of contract accompanied with a fraudulent act, but that such damages cannot be recovered. when the tortious act is committed willfully or wantonly, then it is a mere dictum which is not to be followed.

In the case of *Givens. v. Electric Co.*, 91 S. C. 417, 74 S. E. 1067, the Court uses this language:

"Evidence was admitted, over defendant's objection, to prove remote and speculative damages, the Court holding that the complaint alleged a willful and wanton violation of the contract, which, if proved, would entitle plaintiff to punitive damages. This was error. Punitive damages are not recoverable for breach of contract, except where the breach was accompanied by an intent to defraud the other party to the contract. *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232. There is no allegation of fraud in this case. Therefore punitive damages are not recoverable, notwithstanding the allegation of a willful and wanton violation of the contract by the defendant."

In that case the action was for damages for breach of a contract. The only authority upon which Mr. Justice Hydrick relied to sustain the proposition announced by him is *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407, which we have already shown does not sustain his view. While there were allegations to the effect that the defendant willfuly and wantonly broke the contract, no facts were alleged which were sufficient to constitute a tort.

We need not discuss the case of *Donaldson v. Temple,* 96 S. C. 240, 80 S. E. 437, as the ruling therein was based entirely upon the authority of *Givens v. Electric Co.,* 91 S. C. 417, 74 S. E. 1067.

In *Reaves v. Tel. Co.,* 110 S. C. 233, 96 S. E. 295, the only reference made by the Court to the question under consideration is as follows:

"Nor is there any doubt of the rule that punitive damages are not recoverable for the mere breach of a private contract, in the absence of circumstances giving rise to a cause of action for fraud. *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407."

Reversed.