## 11116

### HUFFMAN v. MOORE *ET AL.*

#### (115 S. W., 634)

1. APPEAL AND ERROR—FAILURE TO CHARGE AS TO LAW APPLICABLE HELD NOT REVERSIBLE ERROR IN ABSENCE OF REQUEST FOR ADDITIONAL CHARGE.—Failure to declare the law applicable to the case to the jury as required by Const. Art. 5, § 26, is not reversible error, in the absence of a request for additional charges.

2. DAMAGES—PUNITIVE DAMAGES FOR WANTON BREACH OF WARRANTY OF AUTOMOBILE HELD PROPER.—In an action for breach of warranty of a secondhand automobile purchased by plaintiff of defendants, plaintiff alleging fraudulent representations as to the condition of the car, it was not error to charge that punitive damages might be allowed if defendant wantonly or recklessly or in utter disregard of plaintiff's rights breached the contract of warranty; for acts amounting to fraud, although in connection with breach of contract, warrant the infliction of punitive damages.

Before BOWMAN, J., Richland, October, 1921. Affirmed.

Action by J. H. Huffman against J. W. Moore and D. L. Moore, partners as Carolina Columbia Co. Judgment for plaintiff for actual and punitive damages and defendants appeal.

The fourth exception was as follows:

. That his Honor erred in charging the jury that if they should find that the defendant wantonly or recklessly, or in utter disregard of the plaintiff's rights, breached the contract of warranty, they could find punitive damages against the defendant. It being respectfully submitted that such a proposition was thoroughly inapplicable, misleading, and unsound, and that punitive damages are not to be allowed in an action sounding in contract except in case of fraud.

*Messrs. Nettles & Tobias* and *Edward P. Hodges,* for appellants, cite: *Judge did not charge the law:* 109 S. C., 253: 112 S: C., 83. *Evidence as to subsequent sale price prejudicial:* 103 S. C., 415. *Punitive damages for breach of contract:* 70 S. C., 115. *Verdict in excess of amount proven should be set aside:* 82 S. C., 468; 66 S. C., 61.

*Messrs. B. L. McDowell* and *Buford Jackson,* for respondent, cite: *Additional charge should have been requested:* 106 S. C., 272; 107 S. C., 230; 93 S. C., 46. *Fraud in breach of contract was for the jury:* 108 S. C., 227; 105 S. C., 364; 110 S. C., 534; 104 S. C., 224; 106 S. C., 330. *Jury sole judge where there is conflict of testimony:* 104 S. C.; 16; 104 S. C., 214; 101 S. C., 116.

January 23, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages, and was tried before Judge Bowman and a jury, on October 17, 1921, in the Court of Common Pleas for Richland county. The trial resulted in a verdict in favor of plaintiff for the sum of $724 actual and $476 punitive damages. After entry of judgment, defendant appeals. Exception 1 complains that his Honor failed to declare to the jury the law applicable to the case at bar, and in doing so violated the provisions of Section 26, Art. 5, of the Constitution of the State.

This exception is overruled, for the reason, if defendant desired any additional charge submitted to the jury, he should have directed the Court's attention to same. *State v. Stevens,* 106 S. C., 272; 91 S. E., 302.

Exception 2 was not argued by appellant's counsel before us, but the Court did not say anything about implied warranty, and this exception is overruled.

Exception 3 complains of the admission of evidence over objection on the part of his Honor. This exception is overruled; the testimony was responsive to the allegations of the complaint, and to the issues as made by the pleadings.

Exception 4 is overruled under the opinion of Chief Justice Gary in *Sullivan v. Calhoun,* 117 S. C., 137; 108 S. E., 189, a recent decision of this Court.

Exception 5 is overruled, as that was for the jury's determination under the evidence in the case.

Exception 6 is overruled under *Sullivan v. Calhoun, supra.* Judgment affirmed.

CHIEF JUSTICE GARY and JUSTICE COTHRAN concur.

JUSTICE MARION : I dissent.  See *Winthrop v. Allen,* 116 S. C., 388; 108 S. E., 153.

I think the fourth exception, directed to the point referred to in Mr. Justice Fraser's opinion—in which I concur—should be sustained.

JUSTICE FRASER : I dissent.  I do not think the defendant is liable for punitive damages, in the absence of fraud, and the charge allowed punitive damages for a willful breach of contract.

*Reaves v. Western Union Telegraph Co.,* 110 S. C., 238; 96 S. E., 297 :

"Nor is there any doubt of the rule that punitive damages are not recoverable for the mere breach of a private contract, in the absence of circumstances giving rise to a cause of action for fraud. *Welborn v. Dixon,* 70 S. C., 108; 49 S. E., 232; 3 Ann. Cas., 407."

MR. JUSTICE MARION : I concur.  See *Winthrop v. Allen,* 116 S. C., 388; 108 S. E., 153.