## 11862

### STATE v. JEFFCOAT

#### (130 S. E., 511)

1. LARCENY—EVIDENCE HELD SUFFICIENT TO CARRY CASE TO JURY.—In prosecution for grand larceny based on theft of turkeys, *held* evidence was sufficient to carry case to jury.

2. LARCENY—FAILURE TO CHARGE LAW OF PETIT LARCENY NOT ERROR, IN ABSENCE OF EVIDENCE THAT STOLEN GOODS WERE OF LESS VALUE THAN $20.—In prosecution for grand larceny, where there was no evidence that *stolen goods* were of less value than $20, failure of Court to charge law of petit larceny was not error.

3. CRIMINAL LAW—ACCUSED CANNOT IMPUTE ERROR FOR FAILURE TO CHARGE ON PETIT LARCENY, WHERE NO REQUEST WAS MADE FOR DISTINCTION BETWEEN PETIT AND GRAND LARCENY.—In prosecution for grand larceny, where no request was made that Court instruct jury as to distinction between petit and grand larceny or for fuller and more particular charge upon any phase of law, accused is in no position to impute error.

Before MANN, J., Calhoun, June, 1925. Affirmed.

O. K. Jeffcoat was convicted of grand larceny, and he appeals.

*Mr. B. L. McDowell,* for appellant, cites: *Sufficiency of circumstantial evidence:* 117 S. E., 371; 93 W. Va., 548;

117 S. E., 143; 93 W. Va., 369; 110 S. E., 78; 125 S. E., 146. *Judge to charge on the law:* Const. 1895, Article 5, Sec. 26; 109 S. C., 245; 85 S. C., 278; 87 S. C., 532.

*Mr. Andrew Hydrick, Solicitor,* for respondent.

November 17, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was convicted of grand larceny, and appeals upon exceptions which raise two points (1) that the trial Court committed error in refusing his motion for a directed verdict, and (2) in not charging the law of petit larceny.

On the morning of the 25th of June, ———, the prosecutor, Steadman, found his fowl house open and seven of his turkeys of the value of $30.00, gone. There were tracks around the house. Certain of the tracks appeared to have been made by a person crippled in his left foot. The defendant was crippled in his left foot. In the latter part of June, Rawls, a green grocer in Columbia, bought from the defendant seven turkeys, paying therefor $22.50. Steadman testified that the description of the turkeys, given with some particularity by Rawls, fitted the description of the turkeys taken or lost from his fowl house. There was evidence tending to establish the foregoing and other facts, which was amply sufficient to carry the case to the jury. The exceptions (1, 2, and 4), directed to the contention that a verdict should have been directed or a new trial granted upon the ground that the evidence was insufficient to convict, must, therefore, be overruled.

The second contention (Exception 3) that the trial Judge committed reversible error in not charging the law of petit larceny, is likewise untenable. There was no evidence that the stolen goods were of less value than $20.00. The general law of larceny was fully and clearly charged by the presiding Judge. No request was made that

the Court instruct the jury as to the distinction between petit and grand larceny or for a fuller and more particular charge upon any phase of the law. No prejudice to defendant has been shown, and in no view is he in position to impute error. See *Sandel v. State,* 122 S. C., 268; 115 S. E., 302. *Kelly v. Rose,* 120 S. C., 223; 112 S. E., 919. *Sloan v. Lee,* 121 S. C., 426; 114 S. E., 408. *Huffman v. Moore,* 122 S. C., 220; 115 S. E., 634.

The judgment·is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur. ·

MR. CHIEF JUSTICE GARY did not participate.