16987

ETHEL J. SMITH, Respondent, v. THE JASPER COUNTY
BOARD OF EDUCATION, by R. E. Grayson, County
Superintendent of Education, Appellant
(86 S. E. (2d) 738)

*Y. C. Weathersbee, Esq.,* of Ridgeland, *for Appellant,*

*D. N. Rivers, Esq.,* of Ridgeland, *for Respondent,*

April 4, 1955.

STUKES, Justice.

This is an action for damages for alleged breach of respondent's contract to provide transportation of school pupils. The contract had run and been performed for a period of three years, which appellant contended was its extent; but it was respondent's contention that the contract was for a period of four years, the last year of which was breached by appellant. There was a verdict for respondent for sixteen hundred and fifty dollars, which indicates that the jury resolved this factual issue in favor of respondent.

The written contract could not be found and parol evidence of its contents was properly admitted. The allegation of the complaint and the proof were that it provided for payment of one hundred and eight-one dollars per month for each of the nine months of the school years for which the contract ran. It is seen that the amount of the verdict exceeded the gross of the unpaid contract payments, without regard for the costs and expenses of operation of the bus.

Evidence was admitted of the claimed sacrifice sale by respondent of the bus when the contract was terminated by

appellant after the third year, although there was no allegation or proof that such loss was in the contemplation of the parties when the contract was made. However, on motion for nonsuit the court ruled as follows: "I am not interested in damages relative to the bus. The only question they are entitled to have submitted would be what she is entitled to under the contract. How is this any different from a school teacher's case, it is on the same broad principle."

As already said, the action is for breach of the contract for only the last of the four years it was contended to have run. Respondent's evidence was that the bus was in good condition when sold by her at the end of the third year. It may therefore be reasonably inferred that it would have been on her hands in nearly as good condition at the end of the contended four years, and subject to practically the same sacrifice sale, if she had no other use for it, as was had at the end of three years. That it had to be sold to pay the mortgage on it cannot be said to have been within the contemplation of the contracting parties. At best, that was special damages of which there was no allegation or evidence of notice to appellant when the contract was made. *Towles & Arnett v. Atlantic Coast Line R. Co.,* 83 S. C. 501, 65 S. E. 638. *Cf. Givens v. North Augusta Electric Co.,* 91 S. C. 417, 74 S. E. 1067, and earlier cases there cited. It follows that the loss in the sale of the bus cannot be considered to be an element of damage which flowed from the breach of the contract, and is not recoverable. "He (the plaintiff) is not, however, entitled to recover for materials purchased in anticipation of performance where they remain his property and may be used elsewhere." 15 Am Jur. 546, Damages, Sec. 137. Annotation, 17 A. L. R. (2d) 1300.

The expense of the special equipment of trucks for a hauling contract was rejected as an element of damages, and profits allowed, in *O'Dell v. Criss & Shaver,* 123 W. Va. 290, 14 S. E. (2d) 767, which was an action for breach

of the contract at its inception. Otherwise, it was held, there would be a double recovery. In *Mt. Pleasant Stable Co. v. Steinberg,* 238 Mass. 567, 131 N. E. 295, 296, 15 A. L. R. 749, the plaintiff bought special horses to perform a hauling contract and upon its breach by the defendant, sold them at a loss, which the court held could not be recovered in addition to the profits upon the unperformed portion of the contract and said: "The defendants having broken the contract became liable to the plaintiff for all damages which would compensate it for its loss and such as the parties were supposed to have contemplated would result from its breach. The plaintiff was entitled to recover damages measured by the difference between the contract price and what it would have cost it to have performed the contract". With reference to the loss on the enforced sale of the horses, the court commented: "The plaintiff contends it is entitled to recover this amount in addition to the profits on the contract. If the plaintiff had completed the contract it could recover only the contract price. This expenditure for preliminary outlays could not be received in addition, and, by recovering the profits on the contract, full compensation is given for its loss."

In the trial of the case in hand the jury were allowed to, and from the amount of the verdict evidently did, award damages for the claimed loss at which respondent disposed of her bus and also for the profits that she would have made from the continued operation of it under the contract, which was error.

The instructions to the jury contained no measure of damages for their guidance, whereas the applicable measure under the facts of the case was respondent's loss of profits which would have been realized by her continued operation of the bus during the remaining year of the alleged contract period.

After the verdict appellant moved for judgment *non obstante* or, in the alternative, for new trial, the second ground of which follows: "That the verdict is in excess of the

amount proven by the evidence which shows that the jury was influenced by something other than the testimony in reaching a verdict." The motion was refused and appellant's sixth exception is based upon the ground of the motion which has been quoted. It must be sustained and a new trial ordered.

The other question argued by appellant is overruled. It imputes error arising out of the following incident of the trial. Plaintiff-respondent closed her evidence and appellant moved for nonsuit, whereupon the court on its own motion reopened plaintiff's case and allowed her to put in additional testimony. Ordinarily, as here, that was within the discretion of the court, and no abuse is shown. 18 S. C. Dig., Trial, Key 65-72, p. 83 *et seq.*

Reversed and remanded for new trial.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.